The appellant stands charged by warrant of arrest under the Alabama Death Penalty *Page 1163 
Statute for the murder of Captain William Henry Beard of the City of Oxford, Alabama, Police Department while the officer was engaged in the official performance of his duty. Section 13-11-2 (a)(5), Code of Alabama 1975. This appeal is taken from a denial of an application for writ of habeas corpus by the District Court of St. Clair County.
The appellant presents three issues for our consideration: (1) Whether the appeal from the denial of the application for writ of habeas corpus is due to be dismissed because the transcript of the evidence and record on appeal contains no certification of correctness by the trial judge; (2) whether an attempted plea of guilty to an indictment charging first degree murder precludes a prosecution for capital murder arising from the same facts under the principles of due process of law and double jeopardy; and (3) whether the appellant was justified in resisting an unlawful arrest.
 I
The state's Motion to Dismiss the appeal is without merit and not well taken.
Title 15, Section 369, Code of Alabama 1940, Recompiled 1958, authorized an appeal from a judgment of a trial court denying a petition for a writ of habeas corpus. It provided that:
 "Within thirty days from the date of judgment, the clerk of the court from which the appeal is taken shall forward a transcript of the record and a certificate of appeal to the supreme court or court of appeals, together with a transcript of the evidence and the judge's ruling thereon, which shall be certified to be correct by the judge or officer hearing the petition." Title 15, Section 369 (d), Code of Alabama 1940. (Emphasis added)
This section was superceded on October 31, 1977, by Section12-22-90, Code of Alabama 1975. The new section deletes any provision regarding a certification of correctness by the trial judge as formerly required under Section 369 (d), Title 15, Code 1940. The certification not being required for appeals in cases of habeas corpus taken on and after October 31, 1977, this appeal is not due to be dismissed because the correctness of the record is not certified by the trial judge.
 II
On the issue of double jeopardy the facts are fully and accurately stated by the trial judge in his order denying the application for a writ of habeas corpus. Those facts are:
 "(1) That, on October 26, 1977, the defendant was brought before the circuit court for his initial appearance therein after his arrest under the warrant of arrest issued after return of the indictment against him (for first degree murder), for the purpose of informing him of the charge therein returned against him, of his right to be represented by attorney therein, and that he was to be held without bail to await further proceedings therein;"
On this date an attorney was appointed for the appellant and the judge of the circuit court entered a plea of not guilty for the appellant.
The trial judge also found:
 "(2) that, on October 27, 1977, the defendant (and appointed counsel) appeared in circuit court, not pursuant to any order of that court to be arraigned, but voluntarily for the purpose of endeavoring to have said court accept defendant's plea of guilty to said indictment;
 "(3) that, thereupon, the circuit court refused to accept a plea of guilty from the defendant and, upon motion of the District Attorney, dismissed said indictment so that a new charge (capital murder) might be brought against the defendant."
Immediately upon the dismissal of the indictment against the appellant charging first degree murder, a warrant of arrest charging the appellant with capital murder and prepared prior to the dismissal of the indictment was served upon the appellant. The following day the appellant, already in jail, was ordered to be held without bond to await further proceedings. *Page 1164 
The appellant argues that the circuit court had no authority to refuse to accept his plea of guilty and that the dismissal of a valid indictment after a plea of guilty furnishes a defense of former jeopardy to any further prosecution in this matter.
Generally, a former conviction by a guilty plea is a sufficient basis to sustain a defense of double jeopardy in a subsequent prosecution for the same offense. Annotation 75 A.L.R.2d 683. However a plea of guilty is a conviction authorizing imposition of sentence only when accepted and entered by the court. Harris v. State, 19 Ala. App. 484,98 So. 316 (1923). Before jeopardy attaches, the plea of guilty must be accepted by the court. 75 A.L.R. at 691.
We note that the record before this court consists of the evidence and testimony taken at a combined preliminary hearing and a hearing on a writ of habeas corpus. The record does not contain the petition for habeas corpus, either the former (dismissed) indictment for first degree murder or the present one for capital murder. Nowhere does the record show that a special plea of former jeopardy was interposed to the indictment. It is settled that an issue of former jeopardy cannot be tested by a petition for writ of habeas corpus, but must be specially pleaded to the indictment or it is waived.Powell v. State, 253 Ala. 41, 42 So.2d 693 (1949).
The appellant with his court appointed counsel voluntarily appeared in court on a day during the week of criminal court. On that day a jury venire was present and the "courtroom was practically full of people". The appellant's case was not on a docket sheet and "was not set on that day". Appointed counsel for the appellant testified that "the judge did not ask me or the defendant to be back in court on the twenty-seventh". He further stated that he "had a sneaking suspicion that that is what would transpire" referring to the dismissal of the indictment charging murder in the first degree and the issuance of an arrest warrant for capital murder.
Under the circumstances of this case, the failure or refusal of the trial court to accept the appellant's plea of guilty and deny the state's motion to dismiss the indictment was within his discretion.
An accused should not be permitted to plead guilty for the purpose of defeating the ends of justice by avoiding the punishment merited by the gravity of his criminal act, and for the further purpose of providing a defense to a proper prosecution. See Drake v. State, 68 Ala. 510 (1881); Thomas v.State, 114 Ala. 31, 21 So. 784 (1896); Moore v. State, 71 Ala. 307
(1882). These cases hold that it would not constitute a bar to the second prosecution of the accused for the same offense where a former conviction by plea of guilty was, by reason of fraud or collusion, a sham proceeding engineered by the accused for the purpose of defeating a subsequent prosecution, and resulted in the accused's procuring an inadequate penalty. Here there was an apparent attempt made to avoid the greater punishment merited by the offense. Though there was no fraud or collusion, the attempt was not successful and the guilty plea was not accepted, the indictment being dismissed on motion and at the request of the state. Jeopardy had not attached and the defense of former jeopardy is without merit.
 III
The final contention of the appellant is that both the warrant of arrest Captain Beard, the deceased, was attempting to serve on the appellant on August 19, 1977, and its manner of service were unlawful and illegal. The appellant argues that this deprived him of due process of law and gave him the right to resist the execution of the warrant.
At common law and in Alabama one is entitled to resist an unlawful attempt to arrest him to the extent of killing the person attempting the arrest, if necessary to save his own life, or to save himself from serious bodily harm; but the necessity must have been real or apparent. *Page 1165 
 "The amount of force which he may use in self-defense, however, is that only which is necessary to prevent the carrying out of the unlawful purpose. If excessive force is used in making resistance, the right of self-defense is eliminated; and killing, by means calculated to cause death, with knowledge that the intent was only to arrest, is murder; and an unintentional killing in making such resistance, by means not calculated to cause death, is manslaughter." Sanders v. State, 181 Ala. 35, 45, 61 So. 336, 339 (1913).
* * * * * *
 "The citizen may resist an attempt to arrest him which is simply illegal, to a limited extent, not involving any serious injury to the officer. He is not authorized to slay the officer, except in self-defense; that is, when the force used against him is felonious, as distinguished from forcible. It is better to submit to an unlawful arrest, though made with force, but not with such force as to endanger the life or limb, than to slay the officer." Adams v. State, 175 Ala. 8, 12, 57 So. 591, 592
(1912).
* * * * * *
 "He has no right to kill to prevent a mere trespass (the illegal arrest), which is unaccompanied by imminent danger of great bodily harm or felony, and which does not produce in his mind the reasonable belief of such danger." Lewis v. State, 178 Ala. 26, 38, 59 So. 577, 582 (1912).
Regardless of the authority, or lack thereof, of the arresting officer, the issue of self-defense which the appellant raises constitutes an excuse or justification for the homicide. It presents a matter of fact which has not been and must be determined. The issue of self-defense must be raised at trial and not by way of habeas corpus.
From the record it affirmatively appears that there exists probable cause to hold the appellant and that he is not being illegally detained. The judgment of the trial court denying the application for writ of habeas corpus is therefore affirmed.
AFFIRMED.
All Judges concur.