LEIGH M. CLARK, Retired Circuit Judge.
Appellant was indicted under § 13-11-2(a)(2), “Robbery or attempts thereof when the victim is intentionally killed by the defendant,” of the Death Penalty and Life Imprisonment Without Parole Act (Acts 1975, No. 213), Code of Alabama 1975, § 13 — 11—1, et seq. In accordance with a plea bargaining understanding, in which he personally and his employed attorney expressly concurred, he pleaded guilty to the charge, a jury was selected, evidence was submitted to the jury clearly establishing his guilt, and the jury found him guilty and fixed his punishment at death. Thereupon, in accordance with the understanding of the parties and with § 4 of the Act (Code 13-11 — 4), the court refused “to accept the death penalty as fixed by the jury and sentence[d] the defendant to life imprisonment without parole.”
Appellant does not question the validity or sufficiency of the proceedings other than as they may be affected by two points, which we now consider.
The first is considered in appellant’s brief under the caption:
“§ 13-11-2 and 13-11-4, Code of Alabama (1975) VIOLATES THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION SINCE THE JURY IS NOT PERMITTED TO CONSIDER VARIOUS RELEVANT DEGREES OF HOMICIDE, AND ABSOLUTELY FORBIDS A TRIAL BY JURY UNDER THE ISSUE OF PUNISHMENT IN THE EVENT OF A GUILTY FINDING.”
Both aspects of appellant’s first contention have been solidly addressed and soundly answered by the Supreme Court of Alabama and the Alabama Court of Criminal Appeals. The Eighth Amendment (cruel and unusual punishment) phase and the Fourteenth Amendment (due process requirement) part were firmly and clearly rejected in Jacobs v. State, Ala.Cr.App., 361 So.2d 607 (1977), aff’d Ala., 361 So.2d 640 (1978), and afterwards were likewise rejected in Evans & Ritter v. State, Ala.Cr.App., 361 So.2d 654 (1977), aff’d as to Evans, Ala., 361 So.2d 666 (1978), as well as in Evans v. Britton, 472 F.Supp. 707 (S.D.Ala.1979).
Appellant also urges, under the caption in his brief quoted above, that the Death Penalty and Life Imprisonment Without Parole statute offends the Sixth Amendment (right to a jury trial) to the Constitution of the United States. This contention has also been exhaustively treated and firmly rejected. Beck v. State, Ala.Cr.App., 365 So.2d 985, aff’d Ala., 365 So.2d 1006 (1978).
“In view of the foregoing authority, it is our judgment that the appellant’s right to a trial by jury has not been abridged under Alabama capital sentencing procedure.” 365 So.2d at 1002.
The only other claim for a reversal arises out of action by a judge of the trial court, not the judge who rendered the judgment of conviction and sentence from which the instant appeal was taken, who, after a hearing on May 30, 1979, denied defendant’s motion for the entry of a guilty plea on a pending indictment of defendant for murder in the first degree of the same victim alleged in the indictment subsequently returned, June 8, 1979. The action of the court and its reason therefor are clearly set forth in the following order:
“ORDER ON DEFENDANT’S MOTION FOR ENTRY OF GUILTY PLEA
“This matter was first presented to the undersigned on an oral basis by defend *997 ant’s attorney and an assistant district attorney on Friday, May 25, 1979. At that time this Court was engaged in a hearing. The Court stated that the plea could not be accepted then and suggested that a written motion be filed and the Court would hear it at a time convenient with defendant. It was filed May 29, 1979, and set at 8:30 a. m., this date, before the Court went back into the trial of a case then in progress.
“This case is set on the trial docket for June 11, 1979, and the undersigned is the docket control judge on that date. Under the existing practice in the Tenth Judicial Circuit, the docket control judge controls the docket of that week, assigns cases to the five criminal judges and takes guilty pleas of the cases set that week, not otherwise assigned to a judge for trial. “In the interest of brevity, the arguments, agreements as to certain facts, and background information are being written up by the court reporter, and are not set forth in this Order. The transcript will have to be read to obtain a complete picture of the problem.
“To capsúlate the situation, the defendant’s attorney apparently wishes to have the defendant plead guilty to First Degree Murder (as he is presently) charged and accept life imprisonment before the state has an opportunity to reindict him under the capital punishment statute. “This case was routinely set for action by a court at the time of arraignment, March 23, 1979, before Judge Jasper, and Youthful Offender hearing before Judge Crowder on May 8, 1979. No move was made toward a guilty plea at those settings. New evidential developments apparently adverse to defendant have occurred since May 8, 1979.
“The next routine setting is on trial docket for June 11, 1979. This Court at this time is in the trial of cases set this week. “The Court parenthetically notes that defendant’s attorney, should a plea of guilty be entertained, has not mentioned in the hearing just completed what, if anything, is going to be done about defendant’s plea of “not guilty by reason of insanity” presently outstanding in this case.
“The Court exercising its discretion and noting Odoms v. State [Ala.Cr.App.], 359 So.(2) [2d] 1162, will act on this matter, in accord with the circumstances, conditions and developments then present twelve days from now; namely, June 11, 1979.
“IT IS, THEREFORE, ORDERED AND DECREED that the defendant’s motion is denied and overruled as of this date. Further action in this case will be dealt with on June 11, 1979, when the case is set on the trial docket.
“Done this the 30th day of May 1979.
“(Sgd.) William H. Cole.
William H. Cole, Circuit Judge.”
The record shows that on July 9, 1979, at 11:25 A.M., defendant, accompanied by his employed attorney, appeared before Judge Charles R. Crowder, with a jury available, and made known to the court that, subject to defendant’s reservation of his right to challenge the constitutionality of the Death Penalty and Life Imprisonment Without Parole Act, defendant desired to plead guilty to the indictment of June 8, 1979, and that there was an understanding between the parties that proof would be made before a jury that defendant was guilty, a verdict would be rendered accordingly and fixing defendant’s punishment at death, and thereafter the trial court would reduce the.punishment fixed by the jury and sentence defendant to life imprisonment without parole.
Appellant’s second claim for a reversal is argued under the caption in his brief:
“THE REFUSAL OF THE DUTY JUDGE TO ACCEPT THE APPELLANT’S PLEA OF GUILTY WAS NOT WITHIN HIS DISCRETION AND VIOLATED THE APPELLANT’S CONSTITUTIONAL RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF LAWS.”
There is a disagreement between appellant and appellee as to whether this particular contention of appellant is consonant with the plea bargaining agreement, appel- *998 lee arguing that it is inconsistent and appellant arguing to the contrary. Both cite portions of the record in an effort to sustain their respective positions. By reason of the determination hereinafter made, it is unnecessary for us to decide whether appellant has waived his right to present the contention under consideration.
It cannot be correctly stated, as appellant contends, that a trial court is under a duty, either under the Constitution of the United States or the Constitution of Alabama, to accept a defendant’s plea of guilty. The rule is to the contrary.
“We agree with appellee that under the holdings of the United States Supreme Court in Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971) and Lynch v. Overholser, 369 U.S. 705, 82 S.Ct. 1063, 8 L.Ed.2d 211 (1962) the rule is stated in the Santobello case:
“ ‘There is, of course, no absolute right to have a guilty plea accepted . A court may reject a plea in exercise of sound judicial discretion.’
“We further agree with appellee that the acceptance of a plea being a discretionary act, mandamus will not lie to force appellee to accept the guilty plea tendered.” State, ex rel. Schieres v. Nimmons, Fla. App., 364 So.2d 1262 (1978)
To the same effect are State v. Jiminez, App., 89 N.M. 652, 556 P.2d 60 (1976) and State v. Goulette, Minn., 258 N.W.2d 758 (1977).
The order of the trial court on defendant’s motion to require the entry of a guilty plea discloses that it relied upon Odoms v. State, Ala.Cr.App., 359 So.2d 1162 (1978), which upheld action of the trial court in declining to accept defendant’s plea of guilty to a first degree murder indictment. Appellant recognizes the similarity between Odoms and the instant case, in that in each case defendant was charged in one indictment with murder in the first degree and in a subsequent indictment with homicide under circumstances proscribed by the Death Penalty and Life Imprisonment Without Parole Act and that in each case defendant was seeking to avoid the probable consequences of an indictment and trial under said Act, by insisting upon his plea of guilty under the indictment charging murder in the first degree. He says, however, that there were dissimilar circumstances. He refers particularly to the circumstances in Odoms that on the day he sought to have his guilty plea accepted, the “courtroom was practically full of people,” that the case “was not on a docket sheet and ‘was not set on that day.’ ” Although the circumstances are different from the circumstances in the instant case, as practically all cases are different to some extent from all other cases, we find no distinguishing difference between the cases that would justify a different determination from that made in Odoms. In some respects the circumstances were less favorable to defendant in Odoms than in the instant case. In each case each defendant on formal arraignment had pleaded not guilty to the indictment charging murder in the first degree. In the instant case, however, defendant had entered an additional plea of not guilty by reason of insanity, which in and of itself emphasized the caveat to the trial court against a hasty determination of whether the plea of guilty should be accepted. In Odoms the “courtroom was practically full of people.” The record shows in the instant case that the trial judge to whom the motion was submitted had intersticed it early in the morning, between a session (actual sitting) the day before and a session to follow the next morning in the trial of a case he was conducting. Although trial judges often endeavor, and should be appreciated for such endeavor, to attend to matters that are not on their docket, when by so doing they can handle their docket without serious interruption, the very nature of the motion was such that the trial court was justified in not allowing it to supplant the unquestionably important matter then before it. It was not in error in rendering the order quoted hereinabove.
In the absence of any error prejudicial to appellant, the judgment of the trial court should be affirmed.
*999 The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.