**Orlando FERNANDEZ–DELGADO, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20647.**

United States Court of Appeals
Ninth Circuit.

Oct. 27, 1966.

Charles Abbott, Jr., Escondido, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van De Kamp, Asst. U. S. Atty., Chief, Crim. Div., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief Crim. Div., Phillip W. Johnson, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY and BROWNING, Circuit Judges, and PLUMMER, District Judge.

PLUMMER, District Judge.

Appellant, after a trial by the court without a jury, was found guilty of conspiring to smuggle marihuana, and aiding and abetting the smuggling of marihuana in violation of 21 U.S.C.A. § 176a and 18 U.S.C.A. § 2. He was sentenced to imprisonment for a period of six years on each of the two counts with the sentences to run concurrently. Appellant has appealed from this judgment and sentence.

Jurisdiction existed below under 18 U.S.C.A. § 3231, and exists here in 28 U.S.C.A. §§ 1291 and 1294.

On this appeal the sole question is the sufficiency of the evidence. This in turn depends upon whether certain oral admissions made by appellant were involuntary and therefore improperly admitted into evidence. Counsel for appellant in argument before this court conceded that if defendant's extra-judicial admissions were properly admitted by the trial court, the evidence was sufficient to sustain the convictions. Because of this concession the evidence will not be recited in detail.

Although appellant did not specifically raise the question of the voluntariness of the admissions in the lower court, this point was considered and passed upon by the trial judge in connection with appellant's motion to dismiss on the grounds of insufficiency of evidence made at the close of the trial.

The circumstances surrounding the admissions made by appellant are as follows: On May 31, 1965, appellant was arrested by agents of the U. S. Customs Service at or near San Diego, California. On that date appellant was advised of his rights by Agent Gates. He was thereafter confined in the county jail in San Diego. On June 8, 1965, Gates received word at his office that appellant wished to talk to the officer who was investigating his case. At approximately 11:30 a. m. on June 8, 1965, Gates and Customs Patrol Inspector David Burnett talked with appellant in the San Diego County Jail. On this date Gates again advised appellant of his rights at the very outset of the interview. Before talking with appellant Gates told appellant that he did not have to tell him anything he did not wish to, that anything he did say could be used against him should he go to court at some future time, and that he was entitled to the services of an attorney.

Thereafter appellant made the admissions which appellant's counsel now claims were involuntarily made as the result of promises made by Gates. Appellant also advised Gates that he wished to be at liberty to assist the Government in catching other marihuana smugglers. Gates advised appellant that he would assist him to get out on bail and that any assistance appellant gave the Government would be brought to the attention of the United States Attorney. Gates also told appellant that he could make him no promises. At the close of the interview and just prior to Gates' departure from the San Diego County Jail he advised appellant that there was such a thing as a tax count.

On the trial of the case the appellant took the stand to testify in his own behalf. In doing so he did not acknowledge that he had made the admissions testified

to by Gates, nor did he claim that he had made any admissions which were induced by the promises appellant's counsel now contends were made to him. To the contrary, appellant in effect denied the admissions testified by Gates and in substance stated that on June 8, 1965, he had, requested to speak to the agents who had arrested him; that he did not tell them that he knew a Mr. Liantaud who had come from Miami, Florida, to Los Angeles for the purpose of arranging some loads of marihuana; or that he offered to testify against Mr. Liantaud in federal court. He denied that he knew Mr. Liantaud or that he knew the Pontiac involved was to come to the United States from Mexico with marihuana. He testified that he offered to do absolutely nothing for the Customs agents and that although he told the agents he would cooperate with them, he had been unable to do so because he knew nothing whatsoever about smuggling marihuana.

In other words, this is not a situation where the defendant acknowledges that he made statements or admissions to a law enforcement agent and claims that he was induced to do so by promises made by the agent. Instead, this is a situation where a law enforcement agent testifies to admissions made to him by the defendant and the defendant denies that such admissions were in fact made.

■■ In this posture of the case the question becomes principally one of credibility rather than one of voluntariness. The trial judge who had an opportunity to observe and hear the witnesses, as they testified before him, found as a fact in his oral opinion at the close of all the evidence that Gates should be believed and that appellant should not. This finding of fact was properly made by the trial judge pursuant to Rule 23(c), Federal Rules of Criminal Procedure. The judge as the trier of the facts was the sole judge of the weight and credibility to be given to the testimony of the witnesses. The record amply supports the finding of the trial judge on this point.

The trial judge's finding that the testimony of Gates should be credited and that that of the appellant should not be credited is in effect a finding that the admissions were voluntarily made.

■ To determine whether a confession or oral admission is voluntary or involuntary the question for determination is whether the conduct of the official to whom the confession or admission was made was such as to overbear the defendant's will to resist and bring about a confession or admission not freely self determined. Rogers v. Richmond, 365 U.S. 534, 544, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961).

The inquiry to be made under the circumstances of this case is whether the alleged inducements, which appellant's attorney contends resulted in the admissions being made by defendant, were of a nature which necessarily overcame appellant's ability to make a voluntary decision.

■ We have reviewed the entire record. We conclude that appellant's admissions were voluntary and were properly admitted by the trial judge. The evidence is sufficient to sustain appellant's conviction.

The judgment of the district court is affirmed.