**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Johnny Lamar FRAZIER, Defendant-Appellant.**

**No. 29201.**

United States Court of Appeals,
Fifth Circuit.

Dec. 2, 1970.

---

C. S. White-Spunner, Jr., U. S. Atty., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before RIVES, WISDOM and GODBOLD, Circuit Judges.

PER CURIAM:

This is an appeal from conviction by a jury on two counts under the Dyer Act, 18 U.S.C. § 2312.

 Appellant asserts that before offering his confession the government was required, but failed, to introduce independent evidence sufficient to prove the corpus delicti. It is now established that the corroborative evidence independent of the confession need not be sufficient to establish the corpus delicti but must be "substantial independent evidence which would tend to establish the trustworthiness of the statement. * * * It is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth. Those facts plus the other evidence besides the admission must, of course, be sufficient to find guilt beyond a reasonable doubt." Opper v. United States, 348 U.S. 84, 93, 75 S.Ct. 158, 164, 99 L.Ed. 101, 109 (1954). See also: Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954); Moll v. United States, 413 F.2d 1233 (5th Cir. 1969).[1] The standards of these cases were met in this instance. The dates and places of the thefts, as testified to by the owners, were consistent with the confession. The disposition of the two vehicles, as described by appellant, connected them up with the individual from whom innocent purchasers bought the vehicles identified as those stolen. There were other corroborating details as well.

 Frazier's confession was not involuntary by reason of the single fact that the FBI agents told him that if he cooperated with them his cooperation would be made known to the United States Attorney, that there might be

Fred G. Helmsing, Mobile, Ala. (court-appointed), for defendant-appellant.

1. Caster v. United States, 319 F.2d 850 (5th Cir. 1963), has caused some confusion because of its continuation of the usage of the phrase "corpus delicti," but careful reading shows it is not inconsistent with either *Opper* or *Smith*.

some consideration given by the United States Attorney but that the agents could make no promises. Standing alone this was not sufficient to establish that appellant's in-custody statement was involuntary. United States v. Ferrara, 377 F.2d 16 (2d Cir. 1967); Fernandez-Delgado v. United States, 368 F.2d 34 (9th Cir. 1966).

On the issue of voluntariness, the appellant was given an FBI waiver of rights form at the first interrogation and acknowledges that he read it. A copy of the form was introduced, and it complies with *Miranda*. Appellant says he requested and was denied an appointive attorney. But an FBI agent testified no request was made. The District Court made a credibility choice and accepted the testimony of the agent. That decision is not plainly erroneous. At the second interrogation, when the full confession was made, an oral warning was given which complied with *Miranda*.

With appellant's detailed confession in evidence, plus more than adequate corroboration, the claim that a motion for judgment of acquittal should have been granted is so lacking in merit as to require no discussion.

Affirmed.