**UNITED STATES of America,**
**Appellee,**

v.

**Darrell Gene GLASGOW, Appellant.**

**No. 71–1288.**

United States Court of Appeals,
Ninth Circuit.

Dec. 3, 1971.

John R. Hart, Yuma, Ariz., for appellant.

Richard K. Burke, U. S. Atty., Thomas N. Crowe, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before HAMLEY, ELY, and KILKENNY, Circuit Judges.

PER CURIAM:

Glasgow was arrested on March 18, 1970, for having participated in an attempt to illegally import marijuana into the United States, a violation of 21 U.S. C. § 176a. Upon arrest, he was taken to a Yuma, Arizona police station for questioning. After being apprised of his constitutional rights, Glasgow stated that, although he would not sign a written waiver of his rights, he would coop-

erate and answer the interrogating officer's questions. Glasgow was subsequently convicted of the charged offense. The statements he made during interrogation were admitted into evidence over his objection.

On appeal, Glasgow challenges the admissibility of the statements he made under questioning on two grounds. First, he claims that the Government failed to meet its "heavy burden" of showing that he knowingly and intelligently waived his privilege against self-incrimination and his right to be represented by counsel during interrogation. Miranda v. Arizona, 384 U.S. 436, 474, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Glasgow also contends that the statements were involuntary because the interrogating officer suggested that Glasgow might receive a "break" if he cooperated in the investigation. Both arguments are without merit.

■■ Waiver of *Miranda* rights, *vel non*, must be determined on a case-by-case basis. United States v. Hilliker, 436 F.2d 101, 102 (9th Cir. 1970), *cert. denied*, 401 U.S. 958, 91 S.Ct. 987, 28 L.Ed.2d 242 (1971). Here, there was some suggestion that Glasgow was of such limited mental capacity that he was incapable of having made a knowing and intelligent waiver. His contention in this respect is undermined by the facts.

At the time of his interrogation, Glasgow already had an extensive prior criminal record, including a post-*Miranda* felony conviction. Obviously, he was familiar with police practices. Furthermore, he underwent no apparent difficulty either in understanding questions asked of him or in making understandable responses during both the interrogation and the trial.[1] These facts justified the District Court's conclusion that Glasgow's waiver was knowing and intelligent. *See* Green v. United States, 128 U.S.App.D.C. 408, 389 F.2d 949, 952 (1967).

■ The interrogating officer did indeed represent to Glasgow that he would inform the court and the prosecuting authorities if Glasgow cooperated with the Government in its investigation.[2] Our court and others have, however, held that this type of representation, standing alone, does not necessarily render a subsequent confession involuntary. United States v. Frazier, 434 F.2d 994, 995–96 (5th Cir. 1970); United States v. Ferrara, 377 F.2d 16, 17–18 (2d Cir. 1967), *cert. denied*, 389 U.S. 908, 88 S.Ct. 225, 19 L.Ed.2d 225 (1967); Fernandez-Delgado v. United States, 368 F.2d 34, 36 (9th Cir. 1966). We see no indication that the officer failed to fulfill the commitment that he admittedly made.

Affirmed.

---

1. We also note that Glasgow declined the District Court's offer to afford him a psychiatric examination.

2. The interrogating officer testified that: "While I was talking to [Glasgow], I told him that he was in a position to help himself . . . by continuing on with this delivery . . . ; I didn't give him any guarantee of anything other than [that] the matter would be made known to the court and to the United States Attorney, handling the case.

"I told him that in cases similar to his in the past, that men have cooperated and have received a break, so to speak.

" . . . I don't recall saying [anything to the effect that if I made a recommendation, that the recommendation was generally followed]."