Appellant was sentenced to six years imprisonment for selling heroin in violation of the Alabama Uniform Controlled Substances Act. Code of Alabama, 1973 Cum. Supp., Tit. 22, § 258 (25), et seq.
The conviction was amply supported by the evidence, and there is no contention to the contrary.
A major insistence of appellant is that the court was in error in admitting in evidence testimony of a sale by defendant of heroin on the day before the day of the offense for which he was tried. The trial court first ruled that such evidence was inadmissible. Thereafter, the position was taken by the State that defendant had supplied a basis for the admission of such testimony, by his contention that law enforcement officers had "set up" the purchase by undercover agents and had thereby entrapped defendant into making the sale for which he was tried.
As we construe the issue between the parties, we must determine whether the interposition of the defense of entrapment entitled the State to introduce evidence of the prior sale. We conclude that it did.
Although the record does not show that defendant relied entirely upon a defense of entrapment, there is no question that he was seeking the benefit of such defense. *Page 571 
Extended cross-examination of witnesses for the State as to the arrangements made by the law enforcement officers with a former convict whereby they "set up" a purchase by him from defendant is inconsistent with a different conclusion. The position taken by defendant sufficiently evinced a contention by defendant that he was entrapped to cause the trial judge to charge the jury as to a defense of entrapment, which charge in that respect was given with the apparent approval of defendant, including particularly the following portion of the court's oral charge:
 "On the other hand, if the evidence in the case should leave you with a reasonable doubt whether the Defendant had the previous intent or purpose to commit any offense of the character charged in the indictment and do so only because he was induced or persuaded by some law enforcement or their agent, then it would be your duty to acquit him."
There is no disagreement as to the rule that evidence of the commission of another crime is not admissible "if the only probative function of such evidence is to show his bad character, or as sometimes expressed to show his inclination or propensity to commit the type of crime for which he is being tried." McElroy, Law of Evidence in Alabama, § 69.01 (1), citing Brasher v. State, 249 Ala. 96, 20 So.2d 31; Mason v.State, 259 Ala. 438, 66 So.2d 557, 42 A.L.R.2d 854.
We do not find that the specific question before us has been decided in Alabama, but Judge Cates has given us a foretaste inLindsay v. State, 41 Ala. App. 85, 125 So.2d 716, 724, cert. stricken, 271 Ala. 549, 125 So.2d 725, cert. denied,366 U.S. 933, 81 S.Ct. 1656, 6 L.Ed.2d 392, as follows:
 "Moreover, evidence of prior criminal conduct which might reasonably be considered as tempting a man to offer a bribe has probative value to negative entrapment."
In the pilot case in the Supreme Court on the subject of entrapment as a defense to a crime, Mr. Chief Justice Hughes said:
 ". . . The Government in such a case is in no position to object to evidence of the activities of its representatives in relation to the accused, and if the defendant seeks acquittal by reason of entrapment he cannot complain of an appropriate and searching inquiry into his own conduct and predisposition as bearing upon that issue. If in consequence he suffers a disadvantage, he has brought it upon himself by reason of the nature of the defense." Sorrells v. United States, 287 U.S. 435, 451-452, 53 S.Ct. 210, 216, 77 L.Ed. 413 (1932)
Leaning heavily upon the quoted statement in Sorrells, a large number of courts have held that evidence of crimes similar to the one for which defendant is on trial is ordinarily admissible to rebut a defense of entrapment. The great weight of authority is to that effect. Anno: 61 A.L.R.3d 293; Anno: 93 A.L.R.2d 1097. We agree.
Defendant contended on the trial, and appellant now insists, that a confession made by defendant was shown by the testimony, preliminary to its receipt in evidence, to have been involuntary, and that the trial court was in error in admitting it. He relies upon some statements of one of the law enforcement officers to the defendant before he confessed that if he cooperated with the law enforcement officers, his cooperation would be made known to the District Attorney. Whatever tendency such statements might ordinarily have to show an inducement that would nullify a confession as evidence, they fail to do so when considered in context with the entire circumstances and conversations at the time between defendant and the law enforcement officers, and it can be determined therefrom that the confession was voluntarily and understandingly made, and that the statements made were not a factor in bringing about the confession.
The officer who made the statements to defendant was a special agent with the Drug Enforcement Administration of the Department of Justice of the United States. He worked as an undercover agent. In making the statements to defendant as to what he would do if defendant cooperated, it is reasonably clear that he was endeavoring *Page 572 
to enlist defendant's aid in ferreting out other violations and violators of drug laws. His recruiting efforts were untimely, as well as futile, but they did not form a consideration for the admission by defendant that he sold the heroin that constituted the crime for which he was charged. Quite independent of and unrelated to the agent's effort to enlist the support of this presumed prospect, was the detailed and precise recital to defendant of his constitutional right to remain silent and his right to obtain the services of counsel without expense to him. The trial court correctly analyzed the evidence on the subject as containing no inducement to defendant to confess his sale of the heroin; that whatever inducement was offered was meant by the agent, and understood by the defendant, as solely in order to obtain the "cooperation" of defendant in the laudable undertaking of apprehending and bringing to justice other persons engaged in the iniquitous traffic in drugs.
Aside from the point that the particular claimed inducement was not to obtain a confession, but rather to obtain the aid of defendant in other drug cases, is the additional consideration that in the course of the conversation with defendant, before his confession, the agent emphatically let him know that the future course of the case against defendant was beyond the control of the agent. In United States v. Frazier, 434 F.2d 994
(5th Cir. 1970), it was held:
 "Frazier's confession was not involuntary by reason of the single fact, that the FBI agents told him that if he cooperated with them his cooperation would be made known to the United States Attorney, that there might be some consideration given by the United States Attorney but that the agents could make no promises. Standing alone this was not sufficient to establish that appellant's in-custody statement was involuntary. United States v. Ferrara, 377 F.2d 16
(2d Cir. 1967); Fernandez-Delgado v. United States, 368 F.2d 34 (9th Cir. 1966)."
The quoted statement from Frazier was also quoted, approved and applied in Wallace v. State, 290 Ala. 201, 275 So.2d 634
(1973).
During the closing argument of counsel for the State, he said:
 "Ladies and Gentlemen, the law of entrapment, the law is there, that is true, but one of the main principles of entrapment is that the Defendant who is trying to put forth the defense of entrapment has to admit that he did all the physical acts that the State alleges."
To the statement defendant objected. The objection was sustained. The defendant then moved for a mistrial, which motion was overruled. The court instructed the jury to disregard the argument and said:
 "The Court will instruct you as to what the law is."
Appellant argues that the quoted oral argument of counsel for the State was an impermissible comment on the failure of defendant to testify, which justified a mistrial, and that the court should have granted defendant's motion for a new trial on that ground. In Beecher v. State, 294 Ala. 674, 320 So.2d 727
(1975), we find the most recent comprehensive discussion of the anathema, in many instances the fatality, of comments by the prosecuting attorney on defendant's failure to testify. The majority in Beecher held:
 "But it is concomitantly the duty of the prosecutor not to, in any manner, comment on the failure of the defendant to testify. Thus if there exists the possibility that the prosecutor has commented in such a manner that the jury may understand it as a comment on the defendant's failure to testify, it is for the trial court to cure this violation of prosecutorial duty by prompt and vigorous instructions to the jury informing them of defendant's right not to be compelled to testify and that they may draw no presumption from his decision not to testify. Tillis v. State, 292 Ala. 521, 296 So.2d 892 (1974), and cases cited therein. In this regard we note that some comment can be so prejudicial as to be ineradicable. Stain v. State, 273 Ala. 262, 138 So.2d 703 (1961); McLemore v. International Union, *Page 573 264 Ala. 538, 88 So.2d 170 (1956) (noncriminal case)."
Notwithstanding the too-oft violations of the rule against commenting upon a defendant's failure to testify, we cannot say that there was such a violation in this case. Nor can we say that there is a possibility, other than as may be contained in the aphorism that anything is possible, that the jury understood the argument as a comment on the defendant's failure to testify. The argument was obviously addressed to the unique feature of the law of entrapment.
We do not have before us all of the statements made by counsel for the parties. It has been rather difficult for us to understand how the defendant was able to ride two horses, one going one way and the other the other. He did not have to assert by special plea his defense of entrapment. He could show entrapment under his plea of not guilty. Even so, a contention that he was entrapped to do the act that ordinarily constitutes a crime is inconsistent with a contention that he did not do the act. United States v. Pickle, 424 F.2d 528 (5th Cir. 1970). The defense of entrapment rests on defendant's admission of the deed but disclaiming the thought or the criminal intent, and the defense is not available to a defendant who denies that he committed the offense charged. McCarroll v. State, 294 Ala. 87,312 So.2d 382 (1965).
If it was the contention of defendant in his counsel's argument to the jury, as well as in his other handling of the case before the jury, that defendant did sell the heroin as charged in the indictment, but that he was entrapped into doing so, no possible harm could have resulted from the State's argument; if it was the contention of defendant that he did not sell the heroin as charged, then he was given the benefit of a defense to which he was not entitled; if defendant's counsel was alternating between the two, this was of his own volition, and defendant has no right to complain. He has no just grievance at the court's allowing his counsel free rein in proceeding and arguing two inconsistent contentions.
Although the court was probably right in sustaining defendant's objection to the argument and in excluding it from the consideration of the jury, as it involved a legal rather than a factual proposition, it was unrelated logically to the failure of defendant to testify. Addressed as it was to the stated unique feature of the law of entrapment, it was a correct statement that would have been applicable if defendant had testified, just as it was in the circumstance of his not testifying.
State's counsel did not say that defendant had not denied the sale, which would have focused attention on the defendant's failure to testify. He alluded to the necessity for him to admit the sale in order to rely upon the defense of entrapment. There was evidence that he admitted the sale. Whether the trial court deemed this evidence sufficient for defendant to have the benefit of the defense of entrapment, we are not able to say, but we are confident that the argument complained of did not constitute a comment upon the failure of defendant to testify.
We have searched the record for error prejudicial to defendant and have found none. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge Leigh M. Clark serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment is hereby
AFFIRMED.
All the Judges concur. *Page 574