The defendant was indicted and convicted for the first degree robbery of Lee Ann Morgan in violation of Alabama Code Section13A-8-41 (1975). He was sentenced as an habitual offender to life without parole. Seven issues are raised on appeal.
 I
The trial judge did not deny the defendant due process of law by refusing to accept a guilty plea negotiated between the defendant and the district attorney. A trial judge is under no duty to accept a defendant's plea of guilty. James v. State,380 So.2d 995, 998 (Ala.Cr.App. 1979), cert. denied, Ex parteJames, 380 So.2d 999 (Ala. 1980). See also United States v.Escobar Noble, 653 F.2d 34, 36-7 (1st Cir. 1981); Frank v.Blackburn, 646 F.2d 873 (5th Cir. 1980), cert. denied,454 U.S. 840, 102 S.Ct. 148, 70 L.Ed.2d 123 (1981); In re Yielding,599 F.2d 251 (8th Cir. 1979). Yarber v. State, 437 So.2d 1330 (Ala. 1983), has no application.
 II
The defendant, with six prior felony convictions, was properly sentenced under Alabama's Habitual Felony Offender Act (Alabama Code Section 13A-5-9 (1975)) rather than this State's capital punishment act (Alabama Code Sections 13A-5-39 through 59). The defendant was not charged with a capital offense. Although life imprisonment without parole is a possible punishment in a prosecution under the Death Penalty Act, that act specifically applies only to capital offenses as defined in Alabama Code Section 13A-5-39 (1).
 III
The Habitual Offender Act has withstood a number of constitutional attacks involving due process generally, Thomasv. State, 395 So.2d 1105, 1108 (Ala.Cr.App. 1981); usurpation of executive power by the judiciary, Thompson v. State,405 So.2d 717, 720 (Ala.Cr.App.), cert. denied, Ex parte Thompson,405 So.2d 721 (Ala. 1981); equal protection, Murphy v. State,399 So.2d 340, 346 (Ala.Cr.App.), cert. denied, 399 So.2d 347
(Ala. 1981); lack of provisions *Page 788 
for mitigating circumstances, Holley v. State, 397 So.2d 211,214-15 (Ala.Cr.App.), cert. denied, 397 So.2d 217 (Ala. 1981); and cruel and unusual punishment, Serritt v. State,401 So.2d 248, 251 (Ala.Cr.App.), cert. denied, 401 So.2d 251 (Ala. 1981). The statute is not unconstitutional because it requires mandatory sentencing. Miliner v. State, 414 So.2d 133
(Ala.Cr.App. 1981); Holley, supra.
 IV
The defendant's confession was voluntarily and intelligently entered and properly admitted at trial. The law enforcement officer's statement that he would let the courts know that the defendant helped in the investigation did not constitute an improper inducement. Bennett v. State, 409 So.2d 936, 939-940
(Ala.Cr.App. 1981), cert. denied, 457 U.S. 1137,102 S.Ct. 2968, 73 L.Ed.2d 1356 (1982); Moss v. State, 347 So.2d 569,571-72 (Ala.Cr.App. 1977).
 V
The defendant's motion for a change of venue based on three newspaper articles and the fact that he had "a previous lawsuit consisting of (his) medical problems" (a federal civil rights action against the imprisoning authorities in the county) was properly denied as no actual jury prejudice was demonstrated.Ex parte Dolvin, 391 So.2d 677, 680 (Ala. 1980).
 VI
The trial judge properly refused to allow defense counsel to impeach Henry Paige, a co-conspirator and witness for the State, by the testimony of Randy Garrett as to what Kevin Taylor, the third co-conspirator, had said that Paige had said. Garrett's testimony would have been that Taylor told him that Taylor and Paige had plotted to frame the defendant. The trial judge properly held that a statement made by a co-defendant to a third party was inadmissible as hearsay. Bush v. State,282 Ala. 134, 209 So.2d 416 (1968). "(I)t is not permissible to permit a witness to testify as to statements which another person told him the witness being impeached had said." 98 C.J.S. Witnesses, Section 614 (1957). Such statements constitute hearsay. Brinks v. State, 44 Ala. App. 601,217 So.2d 813 (1968), cert. denied, 283 Ala. 712, 217 So.2d 820 (1969).
 VII
The failure of the trial judge to give the defendant's requested instructions is not properly preserved for review.Allen v. State, 414 So.2d 989 (Ala.Cr.App. 1981), cert. granted, Ex parte Allen, 414 So.2d 993 (Ala. 1982). Additionally, we note that none of the charges were in the proper form and that ground alone would constitute a sufficient basis for their refusal.
We have answered all the issues raised on appeal. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.