Sidney Rowland was indicted for burglary in the second degree in violation of § 13A-7-6, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment" and the trial judge sentenced him to life imprisonment in the penitentiary, according to the provisions of the Habitual Felony Offender Act.
We pretermit a recitation of the facts in this case as they are not germane to our discussion of the issues raised on appeal.
 I
During the course of the trial, the appellant moved to suppress his statement on the grounds that it was involuntarily made. The trial judge held a hearing on this motion outside the presence of the jury. At the hearing, Officer Larry Wilson gave the following testimony.
 "Q. All right. And did you tell him he might as well go ahead and tell you, it'd be easier on him?
 "A. We told him if he wanted to cooperate with us we would make it known to the Judge and District Attorney that he did cooperate with us.
 "Q. So, you promised him you'd do whatever you could to help him if he'd make a statement?
 "MR. IGOU: We object to that. That's not what the witness said.
"THE COURT: Overruled.
 "Q. You promised him you'd take it up with the Judge and the D.A. if he would make a statement?
 "A. I promised him that we would make it known to the Judge and also to the D.A. that he did cooperate with us, yes, sir, I did." (R. 77).
The appellant contends that Officer Wilson's statement that he would talk to the district attorney and the judge induced him to make his statement and, therefore, it should be rendered involuntary and should have been excluded from the evidence in this case.
The general rule of law in this area is that "[a]ny inducement of profit or benefit held out; any hope engineered or encouraged that the prisoner's case will be lightened, meliorated, or more favorably dealt with if he will confess; either of these is enough to exclude the confession thereby superinduced." Wallace v. State, 290 Ala. 201 at 204,275 So.2d 634 (1973). However, the statement made by Officer Wilson to the appellant is not sufficient by itself to render the appellant's statement involuntary and inadmissible. Wilson did not give the appellant any indication that he had any influence with the district attorney or the judge or that they would give him special treatment if he made a statement. He merely stated he would bring the appellant's cooperation to their attention.
This same issue was addressed by the U.S. Fifth Circuit inUnited States v. Frazier, 434 F.2d 994 (5th Cir. 1970). In that case the court stated:
 "Frazier's confession was not involuntary by reason of the single fact that the FBI agents told him if he cooperated with them his cooperation would be made known to the United States Attorney, that there might be some consideration given by the United States Attorney but that the agents could make no promises. Standing alone this was not sufficient to establish that appellant's in-custody statement was involuntary. United States v. Ferrara, 377 F.2d 16
(2d Cir. *Page 284 
1967); Fernandez-Delgado v. United States, 368 F.2d 34 (9th Cir. 1966)."
United States v. Frazier at 995-996. See also, Moss v. State,347 So.2d 569 (Ala.Crim.App. 1977).
In the case at bar, Officer Wilson testified that he gave the appellant his "Miranda" rights and that the appellant stated he understood them and wished to make a statement. The facts surrounding the appellant's statement indicate to this court that it was voluntarily made. Therefore, the trial judge's decision to admit the appellant's statement into evidence was proper and should be upheld. Tanner v. State, 57 Ala. App. 254,327 So.2d 749 (1976).
 II
On May 4, 1983, defense counsel requested that a preliminary hearing be held in this case. The trial judge granted this request and set the hearing for July 27, 1983. On July 8, 1983, the State made it known to the court that it did not intend to present any evidence at the preliminary hearing, and which it also reiterated at the hearing. The trial judge then ordered the appellant discharged due to lack of probable cause. The appellant was then indicted for this offense on October 5, 1983.
At the time of the preliminary hearing, the appellant was in jail on other charges. The appellant contends that the State did not present any evidence at the hearing because they did not wish to disclose any evidence they had against him and they knew that the appellant would remain in jail regardless of the outcome of the preliminary hearing. The appellant asserts that he was denied equal protection and due process of the law by the State's action, because he was not allowed to discover the evidence which the State had against him on this offense. Therefore, his motion to dismiss should have been granted.
We find no merit to this contention. First of all, the purpose of a preliminary hearing is to determine if there is sufficient probable cause to hold the accused on the alleged offense. We can find no authority for the proposition that an accused has the right to a preliminary hearing for discovery purposes.
Secondly, the failure to hold a preliminary hearing is harmless error and a moot question once an indictment has been returned. Duncan v. State, 369 So.2d 885 (Ala.Crim.App. 1979);Scaife v. State, 337 So.2d 146 (Ala.Crim.App. 1976). Accordingly, we hold that the failure to present evidence at this preliminary hearing is not error once the accused has been indicted.
Thirdly, the failure to hold a preliminary hearing is not a denial of due process. Duncan, supra. As the State points out in its brief, the appellant fails to show any purposeful discrimination as a result of his status as an incarcerated person. Therefore, it cannot be said he was denied equal protection of the law.
The trial judge properly denied the appellant's motion to dismiss.
For the reasons above, this cause is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.