456 So.2d 1142 (1984)
Jessie James BROOKS
v.
STATE.
1 Div. 800.
Court of Criminal Appeals of Alabama.
July 31, 1984.
Rehearing Denied October 9, 1984.
*1143 Thomas R. Boller, Mobile, for appellant.
Charles A. Graddick, Atty. Gen. and Fred F. Bell, Asst. Atty. Gen., for appellee.
TAYLOR, Judge.
Jessie James Brooks was convicted by a jury in Mobile County for possession of a forged instrument in the second degree. He was sentenced under the Alabama Habitual Felony Offenders Act to life imprisonment, having accumulated four felony convictions.
On March 3, 1983, appellant walked into the Spring Hill Avenue branch of South-Trust Bank in Mobile and presented a savings withdrawal slip made out in the name of Charles A. Wendt. As bank policy required, the teller called to check the status of the account. When she found that there "was an alert out" on Wendt's account number (meaning that there was some problem with the account) she told appellant that she could not honor the withdrawal until authorized to do so by a superior. Appellant responded that he would take the slip to another branch, but the teller tore up the slip instead of returning it to him.
Later the same day, appellant drove up to the drive-in teller at SouthTrust's Dauphin Street branch, also in Mobile. Again he presented a savings withdrawal drawn on Charles A. Wendt's account. At the teller's request, he also presented an Ingalls Shipbuilding identification card bearing appellant's picture. The ID had been altered to include Charles Wendt's name and signature. The teller recognized the account as having an alert out, and informed her manager. While she was trying to contact the bookkeeping department, appellant told her that he would park and come inside the bank. Then he drove away, leaving the teller with the slip and ID.
Before this conviction, appellant had been sentenced to a year and a day for second degree burglary; three years probation for buying, receiving or concealing stolen property; and three years each in two cases of forgery.

I
Appellant contends that his sentence of life imprisonment for this crime under the *1144 Habitual Felony Offender Act is unconstitutional.
The issue of proportionality of prison sentences must be examined in light of Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637, the 1983 U.S. Supreme Court case that, at least in part, overturned the language of Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). Solem, of course, held that the Eighth Amendment requires a sentence to be "proportional" to the crime; the length of a prison sentence, therefore, is not absolutely precluded from review. Solem, 103 S.Ct. at 3009-10.
The court in Solem recognized that successful challenges based upon proportionality would be rare. Id. at 3009. The pivotal distinction between Solem v. Helm and Rummel v. Estelle, as the Fifth Circuit noted in Moreno v. Estelle, 717 F.2d 171, 180 (5th Cir.1983), is that the appellant in Solem was not eligible for parole. In contrast, Rummel would have been eligible for parole in twelve years, and had no need to rely on "hope for `an ad hoc exercise of clemency.'" Solem, 103 S.Ct. at 3016.
The Fifth Circuit in Moreno concluded that the rule in Rummel is still applicable in fact situations not clearly distinguishable from it. Because the appellant in the instant case is eligible for parole and has been convicted of four prior offenses (one more than Rummel and two more than Moreno), and because his offenses include offenses such as burglary and grand larceny, his case is more nearly similar to Rummel and Moreno. The sentence is an enhanced punishment because of several crimes which, although not immediately recognized as "violent", presented "potentialities for violence." Cf. Solem at 3023 (Burger, C.J., dissenting).
We have consistently found that convictions for life or life without parole imposed under the Habitual Felony Offenders Act did not violate the Eighth Amendment. In Thomas v. State, 447 So.2d 203, 209 (Ala. Crim.App.1984), we said that Solem was "inapposite" where Thomas's present and prior convictions were for robbery. The language in Thomas emphasizes the nature of the prior robbery convictions in upholding a sentence identical to appellant's. Similarly, in Montgomery v. State, 446 So.2d 697 (Ala.Crim.App.1983), we affirmed a sentence of life without parole under the Act. In Montgomery, the conviction was for armed robbery; the prior convictions were not revealed in the opinion.
We have already recognized that the Solem decision does not destroy the constitutionality of a life sentence for an offense similar to the one with which appellant is charged. In Williams v. State, 456 So.2d 852 (Ala.Crim.App.1984), we affirmed five terms of life imprisonment pursuant to the Habitual Felony Offenders Act. Four of Williams's life sentences were for forgery; the fifth was for possession of a forged instrument. A consideration of the factors outlined in Solem leads us to the conclusion that Williams's punishment complied with both the statute and the high court's proportionality analysis. Indeed, because of the distinction with regard to parole, Solem "furnishes no authority" upon which to disturb this sentence.

II
Appellant next contends that a bank withdrawal slip is not a document named in § 13A-9-3, Code of Alabama 1975, and therefore will not support a conviction under § 13A-9-6 regarding forged instruments. Section 13A-9-3 in pertinent part reads:
"(1) a deed, will, codicil, contract, assignment, draft, note, or other commercial instrument which does or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status...."
Section 13A-9-1, Code of Alabama 1975, defines a written instrument as follows:
"(a) any paper, document or other instrument containing written or printed matter or its equivalent, and
"(b) any token, stamp, seal, badge, trademark or other evidence or symbol of value, right, privilege or identification, *1145 which is capable of being used to the advantage or disadvantage of some person."
A withdrawal slip is such a paper as is capable of being a forged instrument.

III
Appellant further contends that he was denied effective assistance of counsel. A review of the record convinces us that counsel appointed to this case performed sufficiently well, and that appellant was not denied effective assistance of counsel. Appellant points out various pages and lines in the transcript where there was not an objection to a leading question or to hearsay. We feel compelled to observe that effectiveness of counsel does not lend itself to measurement by picking through the transcript and counting the places where objections might be made. Effectiveness of counsel is not measured by whether counsel objected to every question and moved to strike every answer. Appellant concludes his argument by suggesting that, "given the facts of the case as exhibited in the transcript, there is some question as to whether the defendant should have been advised to try the case as opposed to negotiating ..." We agree that the state's evidence was compelling. We find that counsel performed adequately at trial.
In light of the foregoing, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.

ON REHEARING
TAYLOR, Judge.
In his application for rehearing appellant states that the language employed by the indictment in this case is "withdrawal" rather than "withdrawal slip". In our opinion this fact does not affect our former finding that a withdrawal slip can be the subject matter of a forgery; neither does the grand jury's description of the document forged fail to apprise the appellant of the offense charged. Accordingly, the motion for rehearing is overruled.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.