BOWEN, Presiding Judge.
The juvenile court of Chilton County ordered nineteen-year-old Steven Earl Cleck-ler transferred to circuit court for prosecution as an adult on a charge involving the capital murder-robbery of Martha Sue Belcher. Cleckler appeals from that order.
I
When Mrs. Belcher was robbed and murdered in November of 1983, Cleckler was fifteen years old. The crime went unsolved until 1987. During that year the nineteen-year-old Cleckler served two separate terms in the county jail for criminal trespass and public intoxication. During the last period of incarceration, he told other inmates in detail how Mrs. Belcher had been murdered. One of the inmates relayed this information to the sheriffs office and investigators began questioning Cleckler, who confessed.
By statutory definition, Cleckler was an “adult” when judicial proceedings were initiated against him for Mrs. Belch-er’s murder because he was “19 years of age or older.” Alabama Code 1975, § 12-15-1(1). However, those proceedings were properly filed in the juvenile court because Cleckler was a “child” when the offense was committed. Alabama’s transfer statute (§ 12-15-34) and the statutory definition of “child” (§ 12-15-1(3)) “require the defendant’s age for purposes of juvenile court jurisdiction to be determined at the time of the alleged crime” rather than at the time of trial. In re Bolden, 358 So.2d 795, 796 (Ala.1978). See Davis, Rights of Juveniles: The Juvenile Justice System § 2.3 (2d ed. 1987).
II
Cleckler contends that his confession was inadmissible at the transfer hearing (1) because it was induced by a promise generating the hope of lenient treatment, and (2) because he was not warned of his right to have his counsel, parent, or guardian present under Rule 11(A), Alabama Rules of Juvenile Procedure. We reject these arguments and find that Cleckler’s statement was properly admitted into evidence.
*1123 A
It is undisputed that John Purdue, an investigator for the Alabama Bureau of Investigation, told Cleckler that he would ask the District Attorney and the judge not to sentence Cleckler to the electric chair or to life without parole for Cleckler’s involvement in the murder of Mrs. Belcher. Purdue testified:
“I specifically told him that I could make him no promises because the Judge and the District Attorney would have the decision, it was their decision and it was not mine, but that I would ask the District Attorney and the Judge to consider this, the circumstances, and to consider not sentencing him to life without parole or the electric chair.”
The statement made by Purdue to Cleck-ler was not sufficient in and of itself to render Cleckler’s in-custody confession involuntary. Wallace v. State, 290 Ala. 201, 206, 275 So.2d 634 (1973) (probation officer could be told that accused told the truth if accused gave a truthful statement); Rowland v. State, 460 So.2d 282, 283 (Ala.Cr.App.1984) (officers would make accused’s cooperation known to the district attorney and judge).
“A confession is not admissible if it was induced by a promise that accused would not be prosecuted or would be released if he confessed. The courts have taken the traditional stand that if inducement of profit or benefit is held out or if any hope is engineered or encouraged that the prisoner’s case will be lightened, meliorated or more favorabley dealt with if he will confess, a confession thereby induced is inadmissible.” C. Gamble, McElroy’s Alabama Evidence, § 200.07(6) (3rd ed. 1977).
Investigator Purdue’s statement was neither an express nor implied promise of leniency if Cleckler admitted his guilt, Wallace, 290 Ala. at 206, 275 So.2d 634, because Purdue made it clear that he had no special influence with either the district attorney or the trial judge. Purdue gave Cleckler no assurance of leniency in sentence if Cleckler confessed. Rowland, 460 So.2d at 283. See also Crozier v. State, 465 So.2d 1190, 1193 (Ala.Cr.App.1984) (officer told accused he would talk to the district attorney for the accused since the accused was cooperating); Williams v. State, 456 So.2d 852, 855 (Ala.Cr.App.1984) (if accused were willing to cooperate, cooperation would be made known to the proper authorities); Jemison v. State, 439 So.2d 786, 788 (Ala.Cr.App.1983) (promise to let courts know that accused helped in investigation).
“The true test is whether, under all the surrounding circumstances, a confession has been induced by a threat or a promise, express or implied, operating to produce in the mind of the prisoner apprehension of harm or hope of favor.” Wallace, 290 Ala. at 204, 275 So.2d 634.
Here, Cleckler “had previously made some statements to two other investigators indicating knowledge of the circumstances of Mrs. Belcher’s death” before he was questioned by Investigator Purdue. Under the State’s evidence, Cleckler never expressed reluctance or hesitancy in cooperating with and talking to the investigators, although Cleckler testified that he made up a confession “to get them off of my case.” Purdue’s statement to Cleckler was not expressly conditioned upon Cleckler’s giving a confession or upon his admitting any specific facts. In conclusion, we view Purdue’s promise to Cleckler as little more than a promise to make his cooperation known to the authorities.
B
By statutory definition, Cleckler was an adult when questioned by the law enforcement officers. Alabama Code 1975, § 12-15-1(1) (“ADULT. An individual 19 years of age or older.”). Therefore, he was not entitled to be informed of his rights as a child under Rule 11, Alabama Rules of Juvenile Procedure, before being subjected to custodial interrogation. Compare Bracewell v. State, 401 So.2d 123 (Ala.1979), vacated on other grounds, 449 U.S. 915, 101 S.Ct. 312, 66 L.Ed.2d 143 (1980). The prosecution proved that Cleckler was advised of all the constitutional rights to which he was entitled under Miranda v. *1124 Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1969).
III
Cleckler contends that the juvenile court had no jurisdiction over him because he himself was never served with a summons directing him to appear and answer the allegations of the petition.
Alabama Code 1975, § 12-15-53, provides in pertinent part:
“(a) After a petition alleging delinquency, in need of supervision or dependency has been filed, the court shall direct the issuance of summonses, one to be directed to the child if the child is 12 or more years of age, another to the parents, guardian or other custodian and others to such other persons as appear to the court to be proper or necessary parties to the proceedings, requiring them to appear personally before the court at the time fixed to answer or testify as to the allegations of the petition. Where the custodian is summoned, the parent or guardian or both shall also be served with a summons.
“(b) A copy of the petition shall be attached to each summons.”
# # * # * *
“(e) A party, other than the child, may waive service of summons by written stipulation or by voluntary appearance at the hearing.”
On May 21, 1987, a petition alleging delinquency and a motion to transfer were filed. Cleckler was taken into custody and a “detention/shelter case hearing” was conducted at which Cleckler was present with his appointed counsel. A detention order was issued, placing Cleckler in the care and custody of the Central Alabama Youth Services Detention Center. On that same date, Cleckler’s motion for a mental evaluation was granted.
On June 10,1987, defense counsel filed a “motion for probable cause hearing” to “require the State to prove probable cause for holding this Defendant in confinement, or to allow reasonable bail pending further proceedings.” In this motion, defense counsel alleged that there was no probable cause to connect Cleckler with the capital offense and that Cleckler was entitled to bail pending a hearing.
The next entry in the “case action summary juvenile” is dated June 15, 1987, and states, “set for June 26, 1987 at 9:00 A.M.” On that date, the transfer hearing was held, at the conclusion of which Cleckler was ordered transferred to the circuit court for criminal prosecution as an adult.
In conducting the transfer hearing, the juvenile court judge followed Rule 24, A.R. J.P. Among other things, she read the petition to Cleckler and ascertained that Cleckler “had an opportunity to discuss this matter with [his] attorney before this morning.”
Although the record does not affirmatively reflect that either Cleckler or his counsel was served with a summons and a copy of the petition, every reasonable inference and indication in the record compels the conclusion that they were properly served, and that Cleckler and his counsel had actual notice of the petition before the transfer hearing.
The record contains no objection to the alleged failure to serve the summons and petition on Cleckler. “Where the record on appeal is silent, it will be presumed that what ought to have been done was not only done, but was rightly done.” Watson v. State, 398 So.2d 320, 331 (Ala.Cr.App.1980), cert. denied, Ex parte Watson, 398 So.2d 332 (Ala.), cert. denied, Watson v. Alabama, 452 U.S. 941, 101 S.Ct. 3085, 69 L.Ed.2d 955 (1981).
It is apparent to this Court that Cleck-ler’s due process rights were not compromised and that any failure to serve a summons and copy of the complaint upon Cleckler constitutes only harmless error. Compare Watts v. State, 460 So.2d 204, 206 (Ala.1984) (“Watts’s silence at trial constitutes a waiver of arraignment.”); Marsden v. State, 475 So.2d 588 (Ala.1984) (The defendant “has waived arraignment by pronouncing his readiness to proceed with trial and maintaining silence thereafter.”). “[T]o have a reversal of a judgment of *1125 conviction there must not only appear error, but such error as is prejudicial to the substantial rights of the party.” Mikell v. State, 242 Ala. 298, 301, 5 So.2d 825 (1941).
IV
The evidence is sufficient to support the juvenile court’s order of transfer. “A transfer hearing is held not for the determination of guilt or innocence but is in the nature of a preliminary hearing to determine whether there is probable cause for believing that the allegations are true.” Snow v. State, 423 So.2d 220, 222 (Ala.1982), disallowed on other grounds, Ex parte Whisenant, 466 So.2d 1006 (Ala.), on remand Whisenant v. State, 466 So.2d 1013 (Ala.Cr.App.1985). “Since the purpose of a hearing of this type is not to determine guilt or innocence, the strict standard of proof beyond a reasonable doubt has been held not to apply. Brown [v. State, 353 So.2d 1384 (Ala.1977)]. The only standard which must be met is whether a reasonable man would believe the crime occurred and that the defendant committed it.... [W]e will not interfere with a lower court’s order transferring a juvenile to circuit court unless that order is clearly erroneous.” Duncan v. State, 394 So.2d 930, 932 (Ala.1981). See also Bragg v. State, 416 So.2d 715, 716 (Ala.1982).
Here, the order of transfer is proper and portions of Cleckler’s confession were corroborated by independent investigation.
The judgment of the juvenile court ordering Cleckler transferred to the circuit court for prosecution as an adult is affirmed.
AFFIRMED.
All Judges concur.