The appellant was convicted of robbery in the first degree in violation of Section 13A-8-41, Code of Alabama (1975), and was sentenced to life imprisonment without parole, pursuant to the Habitual Felony Offender Act.
 I
The appellant argues that the trial judge abused his discretion in failing to grant the appellant's motion for continuance in order to secure a witness's testimony. The appellant argues that his former attorney would have testified that the appellant's statement was incomplete, as it failed to indicate that the appellant had been drinking prior to his escape from the Chilton County Jail which transpired prior to the robbery. The appellant further alleges that his former attorney would have testified that he suggested that a new statement be taken.
 "In deciding whether the trial court should have granted a continuance in order to procure the attendance of the absent defense witnesses, it should be noted initially that a continuance in a criminal case is addressed to the sound discretion of the trial court, the exercise of which will not be disturbed on appeal unless clearly abused. Fletcher v. State, 291 Ala. 67, 277 So.2d 882
(1973); King v. State, 435 So.2d 769
(Ala.Cr.App. 1983); Pritchett v. State, 445 So.2d 984 (Ala.Cr.App. 1984). The above-stated rule clearly applies to cases where the continuance is sought due to an absent witness. Bailey v. State, 398 So.2d 406 (Ala.Cr.App. 1981); Weaver v. State, 401 So.2d 344 (Ala.Cr.App. 1981); Pritchett, supra."
Young v. State, 469 So.2d 683, 687 (Ala.Cr.App. 1985). The record is void of any indication of clear abuse of discretion by the trial court in this case.
 II
The appellant argues that his confession should not have been admitted into evidence because he was unable to understand his rights due to his educational background. He also argues that his confession *Page 1024 
was involuntary due to investigator Henderson's alleged inducement. Specifically, the appellant argues that investigator Henderson told him that if he cooperated, his cooperation would be related to the proper authorities.
The appellant contends that he was unable to understand hisMiranda rights due to the limits of his fifth- or sixth-grade educational background. The appellant testified on cross-examination that he had been read his Miranda rights for at least four previous arrests. The fact that a defendant is functionally illiterate goes to the weight and credibility of his confession rather than its admissibility. Cliff v. State,518 So.2d 786 (Ala.Cr.App. 1987).
 " 'While an accused's intelligence and literacy are important factors to be considered in determining whether he intelligently and voluntarily waived his constitutional rights and made a confession, weak intellect or illiteracy alone will not render a confession inadmissible. Elrod v. State, 281 Ala. 331, 202 So.2d 539
[(1967)]; Twymon v. State, Ala. Cr. App., 358 So.2d 1072 [(1978)]; Arnold v. State, Ala. Cr. App., 348 So.2d 1092 [(1977)].' Hobbs v. State, 401 So.2d 276, 282 (Ala.Cr.App. 1981)."
Sasser v. State, 497 So.2d 1131, 1132 (Ala.Cr.App. 1986). The record indicates that the appellant was capable of understanding his rights.
During the suppression hearing, the appellant testified that investigator Henderson told him that he would "see what I [investigator Henderson] can do when I get back with the district attorney." Henderson testified that he did not remember telling the appellant that he would bring his cooperation to the attention of the proper authorities, but that he may have done so.
 "The general rule of law in this area is that '[a]ny inducement of profit or benefit held out; any hope [engendered] or encouraged that the prisoner's case will be lightened, meliorated, or more favorably dealt with if he will confess; either of these is enough to exclude the confession thereby superinduced.' Wallace v. State, 290 Ala. 201 at 204, 275 So.2d 634 (1973)."
Rowland v. State, 460 So.2d 282, 283 (Ala.Cr.App. 1984).
The appellant in Rowland argued that he was induced to make his statement by the police officer's indication that he would talk to the district attorney and the judge. This court determined that the police officer "did not give the appellant any indication that he had any influence with the district attorney or the judge or that they would give him special treatment if he made a statement. He merely stated he would bring the appellant's cooperation to their attention." Rowland, supra, at 283. See also United States v. Frazier, 434 F.2d 994,995-96 (5th Cir. 1970) (appellant's confession not involuntary due to the agents' statement that if the appellant cooperated, his cooperation would be made known to the United States Attorney).
The record further indicates that during the cross-examination of the appellant, the prosecutor read each line of the appellant's confession and asked whether each line was true and was told in substance to investigator Henderson. The appellant admitted that the confession was true and was the statement he gave to investigator Henderson, with the sole exception of the facts as to where one of the accomplices counted the money.
 " '[T]he introduction of evidence of confessions should not work a reversal where the defendants had taken the stand and given testimony substantially in the language of the confessions.' Boulden v. State, 278 Ala. 437, 452, 179 So.2d 20
(1965); Chandler v. State, 283 Ala. 29, 33, 214 So.2d 306 (1968). 'Even though there may have been error in admitting an admission or confession, such error is cured or rendered harmless by the defendant's own testimony which is substantially in the language of the confession or admission.' Romine v. State, 384 So.2d 1185, 1188
(Ala.Cr.App.), cert. denied, Ex parte Romine, 384 So.2d 1188 (Ala. 1980)."
McCall v. State, 501 So.2d 496, 499 (Ala.Cr.App. 1986). *Page 1025 
 III
The appellant argues that his sentence to life imprisonment without parole under the Habitual Felony Offender Act was unconstitutional because the sentence imposed is not proportionate to the crime. The State introduced certified copies of four prior convictions: two cases of forgery, escape, grand larceny and receiving.
According to Section 13A-5-9(c)(3):
 "In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he must be punished as follows:
". . . .
". . . .
 "(3) On conviction of a Class A felony, he must be punished by imprisonment for life without parole."
Although the appellant argues that his punishment is unduly harsh under the standards set forth in Solem v. Helm,463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the Solem standard is generally inapplicable to criminals sentenced subject to Section 13A-5-9(c)(3), which requires the commission of a Class A felony as the triggering offense. Aside from the offense of treason, only life-endangering crimes are categorized as Class A felonies. Seritt v. Alabama, 731 F.2d 728, 733 (11th Cir. 1984), cert. denied, 469 U.S. 1062, 105 S.Ct. 545,83 L.Ed.2d 433 (1984). The appellant in Seritt was convicted of armed robbery following three prior convictions for felonies under the Uniform Controlled Substances Act. The court stated:
 "One in Seritt's position has been clearly informed of the consequences of lawlessness, has suffered three felony convictions, and has been given an opportunity to reform, all to no avail. Thus, section 13A-5-9 of the Alabama Code is nothing more than a legislative pronouncement which mandates that when a person has committed three felonies and commits yet another felony, he should receive the penalty of incarceration for life without parole.
". . . .
 ". . . Furthermore, section 13A-5-9(c)(3) guarantees that no criminal will receive the sentence of life imprisonment without parole, as a habitual offender, unless he has been convicted of three prior felonies and then commits a life-endangering offense."
Seritt, supra, at 733-34. Thus, the court concluded that Section 13A-5-9 "satisfies the first objective criteria articulated by the Supreme Court in Solem," id., at 734, in that the sentence of life imprisonment without parole is not unduly harsh under these circumstances. The court also determined that the sentence was not unduly harsh when compared to sentences imposed on other criminals in the same jurisdiction and sentences imposed for the commission of this same crime in other jurisdictions. As the appellant in the casesub judice was also convicted of armed robbery following the commission of three prior felonies, under Section13A-5-9(c)(3), the sentence imposed was not unduly harsh under the doctrine of Solem. See Wilbourn v. State, 457 So.2d 1001,1005-06 (Ala.Cr.App. 1984); Brooks v. State, 456 So.2d 1142,1144 (Ala.Cr.App. 1984); Williams v. State, 456 So.2d 852
(Ala.Cr.App. 1984); Montgomery v. State, 446 So.2d 697
(Ala.Cr.App. 1983), cert. denied, 469 U.S. 916, 105 S.Ct. 291,83 L.Ed.2d 227 (1984).
AFFIRMED.
All the Judges concur.