TAYLOR, Presiding Judge.
The appellant, Otis Frazier, was convicted of three counts of robbery in the first degree, violations of § 13A-8-41, Code of Alabama 1975. He was sentenced, on bach count, as a habitual felony offender to life in the penitentiary without parole.
I
The appellant initially contends that the trial court erred in denying his motion to sever the offenses. The appellant was indicted in separate indictments for three counts of robbery in the first degree, the offenses occurring on December 23 and December 24, 1992. The state moved to join the offenses for trial and the court granted the motion. The appellant then requested that the offenses be severed. The court denied this motion.
“The trial court may order a separate trial if it appears that the defendant is prejudiced by a joinder of offenses. Ala. R.Crim.P.Temp 15.3; Ala.R.Crim.P. 13.4. ‘The burden of proof is on the defendant to demonstrate specific and compelling prejudice which the trial court cannot protect against and which causes him to receive an unfair trial.’ Hinton v. State, 548 So.2d 547, 555 (Ala.Crim.App.1988), aff'd, 548 So.2d 562 (Ala.1989), cert. denied, 493 U.S. 969, 110 S.Ct. 419 [107 L.Ed.2d 383] (1989). The granting of a severance rests within the discretion of the trial court and its refusal to sever counts or defendants that are properly joined will only be reversed for a clear abuse of discretion. King v. State, 518 So.2d 880 (Ala.Crim.App.1987).”
Summerlin v. State, 594 So.2d 235, 236 (Ala.Cr.App.1991). See also Friedman v. State, 654 So.2d 50 (Ala.Cr.App.1994). “It is only the most compelling prejudice, against which the trial court will not be able to afford protection, that will be sufficient to show the court abused its discretion.” Hinton v. State, 548 So.2d 547, 555 (Ala.Cr.App.1988), aff'd, 548 So.2d 562 (Ala.), cert. denied, 493 U.S. 969, 110 S.Ct. 419, 107 L.Ed.2d 383 (1989). (Emphasis added.)
The appellant contends that trying him for all three counts of robbery in one trial prejudiced him because not all three victims could identify him. However, as the state points out, two victims identified the appellant as one of the robbers, and although the third victim could not identify him, the appellant was in this victim’s stolen car when he was arrested. There was no showing of compelling prejudice. The court did not err in denying the appellant’s motion for severance.
II
The appellant further contends that the trial court erred in failing to grant his motion for a new trial.
Initially, he contends that prejudicial error requiring a new trial occurred when he was forced to appear in front of the jury in prison clothes. The record reflects that the following occurred:
“The Court: Mr. Frazier, I meant to bring this up a minute ago. The Court is going to have to bring you over for the purposes *1037 of identification in this case at some point. We intend to have you dressed and presented at some point during the trial for the purpose of identification or non-identification. And I wanted you to know that before you leave here. With that in mind, do you still not want to attend the rest of the proceeding?
“The Defendant: No, sir.
[[Image here]]
“The Court: Just for purposes of the record, my bailiff informs me that the defendant refuses to dress in street clothes and [is] very adamant about that. So we’re going to have to bring him over in— “Mr. Waddell (defense counsel): Well, I’d have to object to him being dressed in anything other than street clothes, Judge, or being cuffed and shackled in any way. “The Court: Well, we’re going to remove the cuffs, but — and try to make him as presentable as we can. We did furnish clothes for him yesterday, and he refuses to wear clothes today other than what he had on this morning, jail-type clothing. So I don’t think we have any choice.”
Any error that may have occurred when the appellant appeared in front of the jury in his prison clothes was invited by the appellant’s refusal to change into street clothes. “ ‘Under the doctrine of invited error, a defendant cannot by his own voluntary conduct invite error and then seek to profit thereby.’ Phillips v. State, 527 So.2d 154, 156 (Ala.1988).” Jones v. State, 631 So.2d 285, 288 (Ala.Cr.App.1993). “The appellant cannot invite error and seek to profit by it. ‘[A] party cannot allege as error proceedings in the trial court that were invited by him or were a natural consequence of his own action.’ Fountain v. State, 586 So.2d 277, 282 (Ala.Cr.App.1991).” Bamberg v. State, 611 So.2d 450, 453 (Ala.Cr.App.1992).
The appellant further contends that the court erred in denying his motion for a new trial because, he says, not all of the victims could positively identify him as one of the robbers. The appellant fails to note the other evidence presented against him. The questions raised by the appellant in his brief deal with the credibility of the evidence. This court has repeatedly held that credibility questions are within the exclusive province of the jury. Rowell v. State, 647 So.2d 67 (Ala.Cr.App.1994).
The court did not err in denying the appellant’s motion for a new trial.
Ill
The appellant further contends that his sentence to life imprisonment on each count as a habitual felon was unduly harsh considering the nature of his previous convictions. He also contends that the Habitual Felony Offender Act is unconstitutional.
As this court stated in Powell v. State, 624 So.2d 220 (Ala.Cr.App.1993):
“Section 13A-5-9, the Habitual Felony Offender Act, provides that if enhancement provisions apply ‘[i]n all cases when it is shown that a criminal defendant has been previously convicted of any felony and after such conviction has committed another felony.’ (Emphasis added [in Powell].) The words ‘any felony’ have been construed to mean that ‘all felonies come within the purview of the habitual felony offender statute, regardless of their origin,’ Watson v. State, 392 So.2d 1274, 1279 (Ala.Cr.App.1980), cert. denied, 392 So.2d 1280 (Ala.1981). See Turner v. State, 610 So.2d 1198 (Ala.Cr.App.1992).”
624 So.2d at 223.
Furthermore, the Habitual Felony Offender Act has withstood constitutional attack on many previous occasions. Thornton v. State, 570 So.2d 762 (Ala.Cr.App.1990); Smith v. State, 529 So.2d 1022 (Ala.Cr.App.1987); Jemison v. State, 439 So.2d 786 (Ala.Cr.App.1983).
“[A] sentence of life imprisonment without the possibility of parole for a conviction for robbery in the first degree after having been previously convicted of three felonies is not ‘unduly harsh.’ Smith v. State, 529 So.2d 1022 (Ala.Cr.App.1987). Furthermore, it is mandatory that a defendant who has been convicted of a Class A felony (such as robbery in the first degree) after having been convicted of three prior felonies be sentenced to life in prison without the possibility of parole. Holley v. State, *1038 397 So.2d 211 (Ala.Cr.App.), cert. denied, 397 So.2d 217 (Ala.1981).”
Powell, 624 So.2d at 223.
For the foregoing reasons, the judgment in this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.