United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11108
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

CHRISTOPHER STEVEN GONZALES,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-30-1
--------------------

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:*

     Christopher Steven Gonzales pleaded guilty to two counts of
possession of an unregistered firearm, one count of possession of
a firearm in furtherance of a drug trafficking crime, and one
count of being a felon in possession of a firearm.  He appeals
the district court's ruling denying his motion to suppress
statements made during a post-arrest interview.  He argues that
the waiver of his <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), rights
was involuntary because it was the result of promises made by the
Government.  Gonzales does not renew his suppression theory that

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the waiver of his <u>Miranda</u> rights was involuntary due to medication received at the hospital. He further does not challenge the district court's denial of his motion to suppress evidence obtained from the raid upon his residence. Accordingly, these issues are abandoned on appeal. <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993).

Because the issue whether promises were made by the Government was reached during the suppression hearing, we review the district court's suppression ruling for clear error in a light most favorable to the Government. <u>See</u> <u>United States v. Maldonado</u>, 42 F.3d 906, 910 (5th Cir. 1995).

The record reflects that investigating agents informed Gonzales of the severity of his offense, of the ability to obtain assistance from case agents, and of the potential for transmittal of his cooperation to the United States Attorney. These actions alone did not cause an involuntary waiver of Gonzales's <u>Miranda</u> rights, and he fails to provide any other evidence that his statements were the result of coercive promises. <u>See</u> <u>United States v. Ballard</u>, 586 F.2d 1060, 1063 (5th Cir. 1978); <u>United States v. Frazier</u>, 434 F.2d 994, 995-96 (5th Cir. 1970). Accordingly, the judgment of the district court is AFFIRMED.