Appellant, Larry Jones, was indicted in a two-count indictment, charging him with the selling, furnishing, giving away, manufacturing, delivering, or distributing controlled substances in violation of § 13A-12-211, Code of Alabama 1975. *Page 1306 
Count I involved an alleged cocaine transaction on February 18, 1988, and Count II involved an alleged marijuana transaction on February 19, 1988. After a jury trial, appellant was found guilty on both counts and was sentenced, as a habitual offender with two prior felony convictions, to 16 years' imprisonment, and he was ordered to pay attorney fees, court costs, and restitution. He appeals, raising five issues.
Appellant first contends that the trial court committed reversible error in denying his motion to suppress his extra-judicial confession to the commission of the crimes charged. He specifically argues that the confession was rendered involuntary, during the interrogation, by an interrogating officer's telling him that "he could help himself."
Shortly after appellant's arrest for the offenses charged in the instant case, he was questioned at the Samson police station by Officer Leslie Moore and Deputy Sheriff Tony Hobbs. His constitutional rights were read to him in accordance withMiranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694
(1966), and he signed an instrument waiving these rights, acknowledging that he understood them, and agreeing to make a statement. Officer Moore testified, at the pre-trial suppression hearing, that no promises were made to the appellant and that he was not threatened in any manner. However, Deputy Hobbs testified that he told appellant that "he [appellant] could help himself." The record shows the following:
 "Q. [Defense counsel]: . . . How much time elapsed between the time y'all had him sign the Miranda warning and the time y'all taped his statement?
 "A. We got him to sign the Miranda warning, went over the same thing that's on the tape with him, and then taped it, so, just a matter of minutes.
 "Q. Did you hear anybody make him any promises or any statements of —
 "A. I'm sure we told him he could help himself, probably, but as far as promises, no, I don't think — it's not up to us to tell him that.
 "Q. Specifically, did you hear Mr. Moore making any statements?
"A. No, I don't think I did.
 "Q. . . . So, it was you that told him he could help himself?
"A. I'm sure I mentioned it to him."
It is apparent from the testimony that, prior to the taping of the statement, the officers discussed with appellant what he would say in his statement. The discussions leading up to the taping of the statement, including Deputy Hobbs's statement that "he [appellant] could help himself," were not recorded. The taped confession, in so far as it related to the two drug transactions forming the basis of the instant charges, amounted to Officer Moore's reciting the details of the transactions and asking appellant if the recitations were true, whereupon appellant would respond in the affirmative. Regardless of appellant's apparent reluctance to tell in his own words about his participation in the transactions, the taped statement is a confession by appellant of his participation in the cocaine and marijuana transactions on February 18 and 19, 1988, as charged in the indictment. Appellant testified about the preliminary discussions with the officers just prior to the taping of the statement. The record shows the following:
 "Q. [Defense counsel]: What happened before you gave your statement?
 "A. Well, he [Officer Moore] told me I wasn't in that much trouble and just to agree with what he said and I wouldn't be in that much trouble and that I would be out of there in a minute, you know. I ain't never had a charge like this on me, so, I agreed with it. . . ."
It is reasonable to assume that, when Deputy Hobbs told appellant that he could help himself, the deputy meant that appellant could help himself by making a statement. But what help was he to receive *Page 1307 
in return for his statement? The deputy did not say, nor was he asked. Although appellant has had considerable experience in the criminal court system, he has only an eighth-grade education. Deputy Hobbs had been a deputy sheriff for over eight years, and he and appellant had known each other for many years. We believe that, under the circumstances, it was reasonable for appellant to believe that Deputy Hobbs was clothed with authority to help him. We are of the opinion that the statement "you can help yourself," in the manner and in the context that it was used here, amounted to an implied promise that appellant would receive lighter punishment or no punishment at all if he cooperated and made a statement.
The question before us is whether this implied promise negated the voluntariness of the confession. We think that it did.
 "The true test of voluntariness of extra-judicial confessions is whether, under all the surrounding circumstances, they have been induced by a threat or a promise, express or implied, operating to produce in the mind of the prisoner apprehension of harm or hope of favor; and if so, whether true or false, such confessions must be excluded from the consideration of the jury as having been procured by undue influence."
Guenther v. State, 282 Ala. 620, 623, 213 So.2d 679, 681
(1968), cert. denied, 393 U.S. 1107, 89 S.Ct. 916,21 L.Ed.2d 803 (1969). See also Ex parte McCary, 528 So.2d 1133 (Ala. 1988).
 "It has long been held, under the right against self-incrimination, that an involuntarily given confession or incriminating statement is not admissible in a subsequent criminal prosecution. A great variety of circumstances may cause a confession or incriminating statement to be classified as involuntary. The test applicable in both state and federal prosecutions is whether the confession was free and voluntary; that is, it must not have been extracted by any sort of threats or violence, nor obtained by direct or implied promises, however slight, nor by the exertion of any improper influence."
C. Gamble, McElroy's Alabama Evidence § 200.01 (3d ed. 1977) (footnotes omitted).
Applying these legal principles to the instant facts, we find that Deputy Hobbs's implied promise that appellant could help himself, under the circumstances existing when the promise was made, would necessarily engender a hope of favor in appellant's mind. For this reason, the statement was not voluntarily given, and it should have been excluded from the consideration of the jury. See Weeks v. State, 531 So.2d 643 (Ala. 1988) (wherein defendant was told that, if he confessed, it would be "made known to the district attorney," and the court held that this was a promise which engendered hope of favor in defendant's mind, rendering his confession involuntary); Womack v. State,281 Ala. 499, 205 So.2d 579 (1967) (wherein defendant was told that it would "go lighter" on him if he talked, and the court held that this statement gave defendant a real hope for lighter punishment and thereby rendered his admission involuntary).
The state suggests that, if the extrajudicial confession was improperly admitted, we apply the holding in McCall v. State,501 So.2d 496 (Ala.Cr.App. 1986), and Smith v. State,529 So.2d 1022 (Ala.Cr.App. 1987). These cases hold that, even though there may be error in admitting a confession, such error is cured or rendered harmless by the defendant's own testimony which is substantially in the language of the confession.
In the instant case, appellant did not testify at the suppression hearing, but did testify during the guilt part of the trial. After appellant's confession had been admitted into evidence, and the state rested its case-in-chief, appellant took the witness stand and testified to his own version of the two drug transactions. He endeavored to establish that he had been entrapped by the undercover officer into committing the crimes. He testified that the officer had *Page 1308 
offered him money and drugs to make the purchases and that he made the purchases because he needed the money for his family. His trial testimony was substantially the same as his confession, wherein he admitted that he had purchased marijuana and cocaine for undercover Officer Moore, except for the entrapment and for the conflict in reference to the location of the marijuana purchase. In his testimony, he contended that the marijuana was purchased and delivered to the officer in Florida, while in his confession he stated that the purchase was made in Florida but that the delivery was made in Alabama.
The same constitutional principle that prohibits the use of unlawfully obtained confessions also prohibits the use of any testimony impelled thereby. Harrison v. United States,392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968). Such testimony would be subject to exclusion, as it would be the fruit of the poisonous tree. Thus, if appellant was impelled to testify in order to overcome the impact of the wrongfully admitted confession, his testimony was tainted by the same illegality that rendered the confession inadmissible. See Harrison v.United States. The question naturally arises as to whether appellant was, in fact, impelled to testify because of the wrongful admission of the confession or testified for another reason unrelated to the confession. The test is whether there is a reasonable possibility that the evidence complained of might have induced the appellant's judicial confession of guilt. Harrison v. United States; Fahy v. Connecticut,375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963); People v. Spencer,66 Cal.2d 158, 57 Cal.Rptr. 163, 424 P.2d 715 (1967). The state bears the burden of showing that there was no causal connection between the appellant's testimony and the prosecution's use of appellant's confession. Harrison v. United States; People v.Spencer, 424 P.2d at 722. Taking into consideration all the circumstances of the instant case, we find that, but for the use of the extrajudicial confession, appellant might not have testified at all. We cannot say, from the record before us, that appellant's decision to incriminate himself in court did not emanate from the erroneous receipt in evidence of his extrajudicial confession. There is a reasonable possibility that it did. For this reason, his conviction must be reversed.
We find no basis in this case to apply the harmless error rule, even if we could constitutionally do so, since we neither believe that the state proved, beyond a reasonable doubt, that the error complained of here did not contribute to the verdict, see Chapman v. California, 386 U.S. 18, 87 S.Ct. 824,17 L.Ed.2d 705 (1967), nor find that the state established that the error complained of did not injuriously affect appellant's substantial rights, A.R.App.P. 45. "In determining the effect of defendant's extra-judicial confession upon the outcome of the instant trial, we must consider the likelihood that it contributed to the verdict by inducing the defendant to admit his guilt in open court." People v. Spencer,57 Cal.Rptr. at 167, 424 P.2d at 719 (emphasis in original, footnote omitted).
For the above reasons, we reverse the conviction and remand this case to the trial court. We pretermit discussion of the other issues raised by appellant in his brief, since they either are unlikely to arise again in case of a new trial or lack merit.
REVERSED AND REMANDED.
All Judges concur.