I respectfully dissent from Part II of the majority opinion which holds that Officer Butler's statement to the appellant that he should "get on and tell the truth; it would look better for [him] in Court" was not an improper inducement.
Although a mere adjuration to tell the truth or a statement that it would be better to tell the truth is not an inducement which will render a defendant's statement or confession involuntary, "the rule is otherwise, where the party has been told by a person in authority that it is better for him to confess, or that he will be bettered by saying a particular thing." Edwardson v. State, 255 Ala. 246, 251, 51 So.2d 233,237 (1951); Eakes v. State, 387 So.2d 855, 859
(Ala.Cr.App. 1978).
Here, as in Edwardson, "[t]he exhortation to the prisoner did not stop with adjuring him to tell the truth, or only with telling him the best thing he could do was tell all about it."255 Ala. at 251, 51 So.2d at 237. Officer Butler's comment went further and told the appellant that "it would look better forhim in court" to make a statement, thereby engendering in the appellant's mind some hope that his case would "be lightened, meliorated, or more favorably dealt with" if he confessed.Rowland v. State, 460 So.2d 282, 283 (Ala.Cr.App. 1984).
What the officer said to the appellant is virtually indistinguishable from the statement, made in Womack v. State,281 Ala. 499, 506, 205 So.2d 579, 585 (1967), that it would "go lighter" on the accused if he talked, or the statement, made inJones v. State, 572 So.2d 1305, 1306 (Ala.Cr.App. 1990), that the accused "could help himself" by making a statement. The comments in Womack and Jones were found to be improper inducements negating the voluntariness of the accused's admissions.