[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1162 
The issue presented in this case is whether the trial court properly denied the motions to suppress the confessions of the appellants, Edward Robinson, Emmette Robinson, and Victor Robinson.
The relevant facts show that around 11 a.m. on November 5, 1992, three masked men, one of whom was armed with a shotgun, robbed a First Alabama Bank in Birmingham. The appellants were picked up between noon and 1 p.m. that same day and were taken to police headquarters for questioning about the robbery. All three appellants were interviewed by the police that day; however, they all denied any involvement with the bank robbery. The next day, after another round of questioning, each of the appellants gave a confession, which was tape recorded, admitting his participation in the robbery. At trial, each of the appellants moved to suppress his confession, alleging that the police officers had improperly elicited the confession by promising if he confessed that he would be tried as a youthful offender, that bail would be set at lower amount, and that the police officers would recommend leniency. Victor Robinson also contended that his confession should have been suppressed, because, he says, it was elicited after he had requested counsel, who was not provided, and without his initiating further contact with the police; thus, he argues, it was obtained in violation of the United States Constitution. The trial court denied the appellants' motions to suppress and admitted the confessions into evidence. The appellants were found guilty of first degree robbery and were sentenced to 20 years' imprisonment. In this opinion, we will address the arguments raised by Edward Robinson and Emmette Robinson separately from the contentions raised by Victor Robinson.
 I.
Edward and Emmette Robinson argue that their confessions were made as a result of promises and threats by the investigating officers. They claim that the questioning officers told them that if they did not confess they would each receive at least a 20-year sentence and if they did confess the officers would help them get a lighter sentence. Edward and Emmette also claim that they were promised that they would be tried as youthful offenders if they confessed. Further, they claim that one of the investigating officers, Detective Mike Fisher, told them that although they were eligible for bail, they could not get bail until they were transferred from city jail to county jail; that he had been granted an extension on the amount of time that he could hold them before he had to transfer them to county jail; and that he would not allow them to be transferred until they confessed.
The general rule is that for a confession to be admissible the state must show that the defendant was advised of his rights, as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966), and its progeny, and that the defendant gave the statement after making a voluntary and knowing waiver of those rights. Bush v. State, 523 So.2d 538
(Ala.Cr.App. 1988); Magwood v. State, 494 So.2d 124
(Ala.Cr.App. 1985), aff'd, 494 So.2d 154 (Ala. 1986), cert.denied, 479 U.S. 995, 107 S.Ct. 599, 93 L.Ed.2d 599 (1986). However, Edward and Emmette are correct that certain types of promises may render a defendants' subsequent confession involuntary and, thus, inadmissible.
 "The types of promises which may make a defendant's statement involuntary are, e.g., promises of leniency, promises to bring the *Page 1163 
defendant's cooperation to the attention of the prosecutor, the disclosure of incriminating evidence to the accused, and silence in response to the defendant's offer to talk if his statement will not be used against him."
Siebert v. State, 562 So.2d 586, 592 (Ala.Cr.App. 1989), aff'd,562 So.2d 600 (Ala. 1990), cert. denied, 498 U.S. 963,111 S.Ct. 398, 112 L.Ed.2d 408 (1990). (emphasis in original). In order to determine whether the trial court erred in overruling the motions to suppress, this Court must view all decisions based on reasonable inferences from the evidence and credibility of witness testimony in favor of the trial court, whose ruling shall not be overturned unless contrary to the great weight of the evidence. Patterson v. State, 659 So.2d 1014, 1017
(Ala.Crim.App. 1995). See also, Parker v. State, 587 So.2d 1072
(Ala.Cr.App. 1991).
Considering the facts presented to the trial court in the suppression hearing and the standard of review that this Court must apply, we believe that the admission of the confessions of Edward and Emmette was proper. When they were initially questioned by the Birmingham Police, each was given a Miranda form, explaining his rights, and each signed this form, indicating that he had read and understood these rights. Before giving their confessions, which were tape-recorded, Edward and Emmette stated that they understood their rights, that they were giving their confessions voluntarily, and that they had not been coerced into deciding to confess. Further, both police officers who were present during the confessions testified that they had not offered any of the appellants leniency, youthful offender status, or reduced bond. These officers testified that Edward and Emmette confessed after being confronted with some of the incriminating evidence that had been obtained, e.g., a description of the automobile driven by one of the robbers at the scene of the crime, a license plate number given by a witness that matched that automobile, and the discovery of the stolen currency in a bag bearing the name and address of one of the appellants. Based on these facts, the trial court did not err in admitting into evidence the confessions of Edward and Emmette.
 II.
Victor Robinson, in addition to arguing that his confession was involuntary because of the promises made by the Birmingham police before he have his confession, contends that his confession should have been suppressed because, he says, the prosecution did not satisfy its burden of showing that he initiated contact or communication with the investigating officers after he had made a valid request for counsel.
In Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880,68 L.Ed.2d 378 (1981), the United States Supreme Court held that an accused, "having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police."Id. at 484-85, 101 S.Ct. at 1885. This rule ensures that an accused has the benefit of the Fifth Amendment protection against compelled self-incrimination, which provides the right to counsel at custodial interrogations. Michigan v. Jackson,475 U.S. 625, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986). After a suspect has made a clear and unequivocal request that he or she does not wish to proceed with an interrogation until an attorney is present, the questioning must cease until an attorney has been made available or the suspect initiates contact with the authority and voluntarily and knowingly waives the right to be represented by counsel. Arizona v. Roberson,486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988); Jackson,supra. If the suspect makes a confession after counsel has been requested, the burden is on the prosecution to show: 1) that the suspect initiated "further communication, exchanges, or conversations with the police" and 2) that the suspect voluntarily and knowingly waived the previously asserted right to be represented by counsel. Oregon v. Bradshaw,462 U.S. 1039, 1044, 103 S.Ct. 2830, 2834, 77 L.Ed.2d 405 (1983). Before allowing the confession to be admitted into evidence against the defendant, the trial court must look at the totality of the *Page 1164 
circumstances in determining whether the state has satisfied its burden.
The facts show that during the first interrogation of Victor, which occurred on November 5, 1992, he made a request for counsel. Specifically, Victor told Detective Mike Wallace that he did not want to answer any more questions until he had an attorney present. This statement was sufficient to be considered a clear and unequivocal request for counsel.See Davis v. United States, 512 U.S. 452, 114 S.Ct. 2350,129 L.Ed.2d 362 (1994); Roberson, supra. The investigating officer honored this request and immediately terminated questioning. However, on November 6, 1992, Victor made a confession, in which he admitted to participating in the bank robbery. No attorney was present when Victor made this confession.
Because Victor had requested counsel and because his confession was given after this request, the prosecution had the burden of proving that Victor initiated the further contact and that he voluntarily and knowingly waived his previously asserted right to be represented by counsel. The only testimony that supports the contention that Victor initiated further contact was given by Detective Fisher, who stated that he "didn't go and talk to [Victor] because someone told me that [Victor] — someone in the jail, and I'm not really sure, honestly, I'm not — that [Victor] requested to talk to me." According to Fisher, this incident happened while he was questioning Emmette. Victor, however, testified that he did not ask to speak to any detective after he had requested an attorney and that he gave his confession only after he was brought to Fisher in the interrogation room.
Upon these facts, we are compelled to agree with Victor that the prosecution did not satisfy its burden of proving that he initiated the contact with the investigating officers on November 6, 1992, after having asserted his right to counsel the preceding day. The only evidence that Victor initiated the November 6 meeting with the investigators was the hearsay testimony of Detective Fisher. In determining whether the prosecution has satisfied its burden, a court should "indulge every reasonable presumption against waiver of fundamental constitutional rights" and "doubts [concerning whether there was a valid waiver] must be resolved in favor of protecting the constitutional claim." Jackson, 475 U.S. at 633,106 S.Ct. at 1409. Pursuant to these principles, we must find that hearsay testimony, alone, is insufficient to satisfy the state's burden in this case. Therefore, we hold that the trial court erred in overruling Victor's motion to suppress his confession.
The State contends that even if the trial court improperly admitted Victor's confession, any error was harmless because, it alleges, there was ample evidence presented of Victor's guilt, including his own admissions on the witness stand. We cannot agree.
We decline to rely on the argument that Victor's own testimony rendered harmless any error in the admission of his confession. As this Court stated in Jones v. State,572 So.2d 1305, 1308 (Ala.Cr.App. 1990):
 "The same constitutional principle that prohibits the use of unlawfully obtained confessions also prohibits the use of any testimony impelled thereby. Harrison v. United States, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968). Such testimony would be subject to exclusion, as it would be the fruit of the poisonous tree. Thus, if appellant was impelled to testify in order to overcome the impact of the wrongfully admitted confession, his testimony was tainted by the same illegality that rendered the confession inadmissible. See Harrison v. United States. The question naturally arises as to whether appellant was, in fact, impelled to testify because of the wrongful admission of the confession or testified for another reason unrelated to the confession. The test is whether there is a reasonable possibility that the evidence complained of might have induced the appellant's judicial confession of guilt. Harrison v. United States; Fahy v. Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963); People v. Spencer, 66 Cal.2d 158, 57 Cal.Rptr. 163, 424 P.2d 715 (1967). The state bears the burden of showing that there was no causal connection between the appellant's testimony and the prosecution's use of appellant's confession. *Page 1165 Harrison v. United States; People v. Spencer, 57 Cal.Rptr. 163, 424 P.2d at 722. . . .
 "We find no basis in this case to apply the harmless error rule, even if we could constitutionally do so, since we neither believe that the state proved, beyond a reasonable doubt, that the error complained of here did not contribute to the verdict, see Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), nor find that the state established that the error complained of did not injuriously affect appellant's substantial rights, A.R.App.P. 45. 'In determining the effect of defendant's extra-judicial confession upon the outcome of the instant trial, we must consider the likelihood that it contributed to the verdict by inducing the defendant to admit his guilt in open court.' People v. Spencer, 57 Cal.Rptr. at 167, 424 P.2d at 719 (emphasis in original, footnote omitted.)"
Based on the record before us, we cannot say that the State has satisfied its burden of showing that there was no causal connection between the admission of Victor's confession and his decision to testify. Thus, because we must assume that Victor's trial testimony was tainted by his illegal confession, we cannot consider his testimony as independent evidence of guilt for the purpose of the harmless error claim. Looking at the remaining evidence, i.e., the evidence remaining after his testimony and his confession are excluded, we cannot say beyond a reasonable doubt that Robinson's trial testimony and confession did not contribute to a finding of guilt nor can we find that the remaining evidence provides an overwhelming indication of Victor's guilt. See Neelley v. State, 494 So.2d 669, 674-75
(Ala.Cr.App. 1985), aff'd, 494 So.2d 697 (Ala. 1986), cert.denied, 480 U.S. 926, 107 S.Ct. 1389, 94 L.Ed.2d 702 (1987). Accordingly, the issue of the admissibility of Victor's confession cannot be affirmed on the basis of harmless error. For this reason, his conviction must be reversed. Jones.
However, in reversing Victor's conviction, we do not hold that the convictions of Edward and Emmette are due to be reversed on this ground. These appellants did not raise the issue addressing whether their convictions should be reversed by the trial court's error in admitting Victor's confession into evidence. Therefore, this issue is not properly before the Court.
Accordingly, the judgments as to Edward Jay Robinson and Emmette Robinson are affirmed. The conviction of Victor Keith Robinson is reversed and that case is remanded.
AFFIRMED AS TO EDWARD JAY ROBINSON AND EMMETTE ROBINSON; REVERSED AND REMANDED AS TO VICTOR KEITH ROBINSON.
All the Judges concur.