*684 BOLIN, Justice
(concurring specially).
I agree with all aspects of the majority opinion. I write specially to note that the majority in Van Hook v. Anderson, 488 F.3d 411 (6th Cir.2007), was concerned that the defendant be the person responsible for reinitiating contact with the police, even if that reinitiation came through a third party. With that in mind, the Van Hook court stated that a suspect initiates further contact with the police through a third party “[w]hen the police receive information that a suspect wants to talk; when there is a sufficient basis for believing its validity; and when the police confirm with the suspect the validity of that information.” 488 F.3d at 424-25. I agree that third-party communications must meet this standard.
In the present case, however, the record would not support a finding that Williams reinitiated further contact with police after he requested counsel on November 30, 2005. Detective Torrence testified that some of Williams’s family members contacted him and informed him that Williams had told them that he wanted to talk to the authorities again. Detective Torrence could not remember the family members’ names. Nothing in Detective Torrence’s testimony indicates a sufficient basis for believing the validity of the family members’ statements regarding Williams’s desire and willingness to talk to the police again. During the December 14, 2005, custodial interview, nothing indicates that Detective Torrence was reinitiating questioning of Williams based on family members’ information that Williams wanted to talk with police again after he asserted his right to have counsel present. In other words, there is nothing to show that Detective Torrence confirmed with Williams that he had asked family members to contact the police on his behalf in order to reinitiate interrogation.
I recognize that Detective Torrence read Williams his Miranda rights before beginning the interrogation on December 14, 2005. However, a valid waiver of the right to counsel cannot be established by showing only that the accused responded to police-initiated interrogation after being again advised of his Miranda rights. Edwards v. Arizona, 451 U.S. 477, 484, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). I note that in its unpublished memorandum, the Court of Criminal Appeals states that Williams did not dispute Detective Tor-rence’s testimony regarding the reinitiation of police interrogation. The burden is on the prosecution to show that the accused initiated further communications, exchanges, or conversations with the police and that the accused voluntarily and knowingly waived his previously asserted right to have counsel present during interrogation. Oregon v. Bradshaw, 462 U.S. 1039, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983).
In Robinson v. State, 698 So.2d 1160 (Ala.Crim.App.1996), Robinson was picked up by police for questioning in a robbery. Two other suspects were also picked up and taken to police headquarters. During questioning, Robinson asserted his right to counsel. However, the next day he was again questioned by the police and subsequently confessed, and his confession was admitted into evidence. On appeal, Robinson argued that his confession should be suppressed because, he argued, the prosecution did not satisfy its burden of showing that he had initiated contact or communication with the police after he had made a request for counsel. In addressing the prosecution’s burden, the Court of Criminal Appeals stated:
“The facts show that during the first interrogation of [Robinson], which occurred on November 5, 1992, he made a request for counsel. Specifically, [Robinson] told Detective Mike Wallace that *685 he did not want to answer any more questions until he had an attorney present. This statement was sufficient to be considered a clear and unequivocal request for counsel. See Davis v. United States, 512 U.S. 452, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994); [Arizona v.] Roberson, [486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988) ]. The investigating officer honored this request and immediately terminated questioning. However, on November 6, 1992, [Robinson] made a confession, in which he admitted to participating in the bank robbery. No attorney was present when [Robinson] made this confession.
“Because [Robinson] had requested counsel and because his confession was given after this request, the prosecution had the burden of proving that [Robinson] initiated the further contact and that he voluntarily and knowingly waived his previously asserted right to be represented by counsel. The only testimony that supports the contention that [Robinson] initiated further contact was given by Detective Fisher, who stated that he ‘didn’t go and talk to [Robinson] because someone told me that [Robinson] — someone in the jail, and I’m not really sure, honestly, I’m not — that [Robinson] requested to talk to me.’ According to Fisher, this incident happened while he was questioning [a code-fendant]. [Robinson], however, testified that he did not ask to speak to any detective after he had requested an attorney and that he gave his confession only after he was brought to Fisher in the interrogation room.
“Upon these facts, we are compelled to agree with [Robinson] that the prosecution did not satisfy its burden of proving that he initiated the contact with the investigating officers on November 6, 1992, after having asserted his right to counsel the preceding day. The only evidence that [Robinson] initiated the November 6 meeting with the investigators was the hearsay testimony of Detective Fisher. In determining whether the prosecution has satisfied its burden, a court should ‘indulge every reasonable presumption against waiver of fundamental constitutional rights’ and ‘doubts [concerning whether there was a valid waiver] must be resolved in favor of protecting the constitutional claim.’ [Michigan v.] Jackson, 475 U.S. [625,] 633, 106 S.Ct. [1404,] 1409 [(1986)]. Pursuant to these principles, we must find that hearsay testimony, alone, is insufficient to satisfy the state’s burden in this case. Therefore, we hold that the trial court erred in overruling [Robinson’s] motion to suppress his confession.” [3]
698 So.2d at 1164.
In conclusion, I note that although I believe that the police did not violate Edwards v. Arizona, I believe that, under the facts of this case, the State would not have met its burden under Van Hook of showing that Williams reinitiated contact or communication with the police after he had made a request for counsel.. However, Williams’s only argument is that a third party cannot reinitiate contact with police on behalf of a defendant. Therefore, the issue whether a third party’s statement regarding reinitiation was reliable was not before the Court of Criminal Appeals.

. In Robinson, supra, no argument was made regarding a third party's reinitiating contact with the police on behalf of the accused.