McMILLAN, Judge.
The appellant was convicted of “pharmacy robbery” in violation of § 13A-8-51, Code of Alabama 1975, and was sentenced to 20 years’ imprisonment without the possibility of parole. The appellant was ordered to pay $50 to the victims’ compensation fund and to pay attorney fees, and was assessed court costs.
I
The appellant contends that the State failed to prove a proper chain of custody for the controlled substances which were admitted into evidence. The appellant further contends that the State failed to properly identify the pistol allegedly used by him to commit the robbery.
Robert Wilhide, an investigator with the Florence Police Department, testified that he, as the evidence technician, took custody of the drugs once they were removed from the victim’s car. Officer Wilhide testified that, after sealing the evidence in an envelope, he placed the envelope in a locked evidence vault. He further testified that the evidence was taken out of the vault approximately three hours later by him and Officer Stan Brown for identification purposes. Officer Wilhide testified that he and Officer Brown were the only officers who had access to the evidence vault. Officer Wilhide further testified that the drugs were not altered in any way during the identification process. Thereafter, he returned the evidence to the vault, where it remained until he turned it over to the crime laboratory.
Officer Wilhide testified that he turned the evidence over to Selwyn Jones, an employee with the Alabama Department of Forensic Sciences. Martha Odom, a forensic drug chemist with the Alabama Department of Forensic Sciences, testified that she received the evidence from Selwyn Jones. She testified that the evidence was in a sealed envelope when she received it. After analyzing the drugs, she categorized them as Schedule II drugs. She then resealed the evidence and placed it in a locked holding area until it was returned to Selwyn Jones.
Officer Wilhide testified that Mr. Jones returned the evidence to him after the chemical analysis had been performed and that he then placed the evidence in a locked vault where it remained until trial.
In Ex parte Holton, 590 So.2d 918 (Ala.1991), the Alabama Supreme Court reaffirmed the time-honored evidentiary rule that demonstrative evidence will not be admitted in a criminal trial if the State does not prove an unbroken chain of custody. In Holton, the Court stated:
“The chain of custody is composed of ‘links.’ A ‘link’ is anyone who handled the item. The State must identify each link from the time the item was seized. In order to show a proper chain of custody, the record must show each link and also the following with regard to each link’s possession of the item: ‘(1) [the] receipt of the item; (2) [the] ultimate disposition of the item, ie., transfer, destruction, or retention; and (3) [the] safeguarding and handling of the item between receipt and disposition.’ Imwinklereid, The Identification of Original, Real Evidence, 61 Mil. L.Rev. 145, 159 (1973).
“If the State, or any other proponent of demonstrative evidence, fails to identify a link or fails to show for the record any one of the three criteria as to each link, the result is a ‘missing’ link, and the item is inadmissible. If, however, the State has shown each link and has shown all three criteria as to each link, but has done so with circumstantial evidence, as opposed to the direct testimony of the ‘link,’ as to one or more criteria or as to one or more links, the result is a Sveak’ link. When the link *1092 is ‘weak,’ a question of credibility and weight is presented, not one of admissibility.”
Id. at 920.
Admittedly, Selwyn Jones did not testify as to his involvement with the evidence. However, the record indicates that he received the item from Officer Wilhide, who testified that he had given the evidence to Jones. Also, Jones’s disposition of the evidence appears in the record through the testimony of Martha Odom, who testified that she received the evidence from Jones; hence, the first two Holton criteria have been satisfied.
The only criterion left for discussion is the handling of the evidence by Jones. As stated earlier, because Jones did not testify, there was no direct testimony by one of the links in the chain. However, both Wilhide and Odom testified that the evidence was sealed when it was received by and taken from Jones. Testimony that the envelope was sealed evidence is adequate circumstantial evidence to establish that Jones safeguarded the items while they were in his possession and to treat the evidence as authenticated. Although the lack of Jones’s direct testimony weakens the chain, the testimony of Wilhide and Odom prevent a break in the chain.
“Circumstantial evidence is generally sufficient to authenticate the item sought to be entered into evidence, except when there appears to be evidence that the item of evidence was tampered with or that a substitution was made while the item was in the custody of the link who has failed to appear and testify.”
Holton, supra, at 920.
Because there was no indication that the evidence was tampered with, it was properly admitted by the trial court, and the jury was left to decide how much weight to give the evidence.
The appellant’s claim that Officer Brown’s testimony was necessary to establish a proper predicate is without merit. The record reveals that Officer Brown merely assisted Officer Wilhide in sorting the evidence for identification purposes and was at no time in sole possession of the evidence.
The appellant’s claim that the State failed to properly identify the pistol allegedly used by him is also without merit. Officer Wilhide testified that he received the pistol from Sergeant Tim Shaddix and that he unloaded the pistol, wrote down the serial number, and secured it in the evidence locker, where it remained until trial. Officer Shad-dix testified that he handed the pistol to the chief of police, Richard Thompson, who kept it for approximately 30 minutes and then returned it to Shaddix. Officer Shaddix then gave the pistol to Officer Wilhide. He, along with Chief Thompson, testified that the pistol was not altered while it was in their possession.
The trial court committed no error in admitting the pistol into evidence. The appellant admitted, on direct examination, to “using” a pistol during the robbery. The pistol had been identified by the arresting officer as the weapon removed from the appellant’s person. Additionally, throughout the trial, the pistol was identified and discussed as the subject of testimony. See Harrell v. State, 470 So.2d 1303 (Ala.Cr.App.1984), aff'd, 470 So.2d 1309 (Ala.1985), cert. denied, 474 U.S., 936, 106 S.Ct. 269, 88 L.Ed.2d 276 (1985).
Here, the identification and continuity of possession of the pistol was sufficient to assure its authenticity.
II
The appellant contends that he was entrapped into committing the charged offense. Specifically, he contends that Kenny Seals, a “police informant,” encouraged him to rob the drug store.
In Thompson v. State, 575 So.2d 1238, 1239 (Ala.Cr.App.1991), this Court stated:
“The burden of proof for a defendant seeking to raise the defense of entrapment is articulated in United States v. Andrews, 765 F.2d 1491 (11th Cir.1985), cert. denied, Royster v. United States, 474 U.S. 1064, 106 S.Ct. 815, 88 L.Ed.2d 789 (1986):
“‘A defendant who seeks to raise a defense of entrapment must first come forward with evidence sufficient to raise a jury issue “that the government’s con- *1093 duet created a substantial risk that the offense would be committed by a person other than one ready to commit it.” .... When the defendant makes such a showing, the burden shifts to the government to demonstrate beyond a reasonable doubt that the defendant was predisposed to commit the offense charged.... Appellate review of a jury decision on entrapment is directed to whether the evidence was sufficient to enable a reasonabl[e]-minded jury to reach the conclusion that the defendant was predisposed to take part in the illicit transaction.’
765 F.2d at 1499 (quoting United States v. Dickens, 524 F.2d 441, 444 (5th Cir.1975)).”
The record indicates that all of the officers involved in the ease testified that informant Seals informed them that the appellant, a member of an alleged “drug-robbery ring,” was planning to rob Moody’s Pharmacy. Two weeks before the incident, in an unscheduled meeting with police, Seals delivered the weapon that the appellant planned to use in the robbery. The officers then replaced the bullets in the pistol with blanks.
Additionally, the record reveals that the appellant admitted at trial that he had at one time accompanied Seals to South Carolina for the purpose of robbing a store. He further admitted that he planned to be the driver in that robbery. The appellant also testified that he had sold drugs to support his drug habit.
Because the appellant was clearly predisposed to commit the crime, the jury had sufficient evidence to negate his defense of entrapment. See Lambeth v. State, 562 So.2d 573 (Ala.Cr.App.1989), aff'd, 562 So.2d 575 (Ala.1990). The appellant further contends that the State’s evidence as to his commission of collateral crimes, offered to prove his “pre-disposition,” was based solely on hearsay. The appellant, however, failed to object on the grounds of “hearsay” at trial and, therefore, did not preserve the issue for appellate review. Knox v. State, 571 So.2d 389 (Ala.Cr.App.1990). Moreover, the appellant admitted at trial to committing such crimes. Rule 45, A.R.App.P.
III
The appellant contends that the pharmacy robbery statute, § 13A-8-51 and -52, Code of Alabama 1975, is unconstitutional on its face. More particularly, the appellant contends that because he is ineligible for parole, his sentence constitutes “cruel and unusual punishment” in violation of the Eighth and Fourteenth Amendments of the United States Constitution.
In light of the State’s request to remand for proper sentencing, we pretermit discussion of this argument. The record reveals that both the trial judge and the prosecutor labored under the false impression that the enhancement provisions of § 13A-5-9, Code of Alabama 1975 (Habitual Felony Offender Act), do not apply to the pharmacy robbery statute. See Shepard v. State, 539 So.2d 449 (Ala.Cr.App.1988). The record indicates that, at the sentencing hearing, the State gave notice of one prior conviction, while the trial judge referred to several prior convictions listed in appellant’s pre-sentence report.
If any of the appellant’s prior convictions were for pharmacy robbery, he should have been sentenced under § 13A-8-52(b), Code of Alabama 1975. On the other hand, if none of the appellant’s prior convictions were for pharmacy robbery, the trial court must apply the enhancement provisions of § 13A-5-9, Code of Alabama 1975.
This cause is therefore remanded for the imposition of a proper sentence in accordance with the applicable enhancement provision and should be returned to this court within 45 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All Judges concur.