ON RETURN TO REMAND

McMILLAN, Judge.
This court remanded this cause to the trial court for proper sentencing in accordance with the applicable enhancement provision under either § 13A-5-9, Code of Alabama 1975 (Habitual Felony Offender Act), or § 13A-8-52(b), Code of Alabama 1975 (penalty provision of the Pharmacy Robbery Act). 627 So.2d 1090. Pursuant to our instructions, the trial court sentenced the defendant, Thomas Edward Hannah, to life in prison without the possibility of parole, in accordance with the Habitual Felony Offender Act.
Because we were remanding the cause for proper sentencing, we pretermitted discussion of the appellant’s argument that the Pharmacy Robbery Act, §§ 13A-8-51 and - 52, Code of Alabama 1975, is unconstitutional. The appellant contends that because a defendant convicted under that Act is ineligible for parole, the sentence imposed pursuant to the Act constitutes “cruel and unusual punishment” under the Eighth and Fourteenth Amendments to the United States Constitution and under Art. 2, § 15, Alabama Constitution of 1901. However, because on remand the appellant was resentenced under the enhancement provisions of the Habitual Felony Offender Act and not under the penalty provision of the Pharmacy Robbery Statutes, his argument is moot. There is abundant case law upholding the constitutionality of the Habitual Felony Offender Act. Thornton v. State, 570 So.2d 762 (Ala.Cr.App.1990); Smith v. State, 529 So.2d 1022 (Ala.Cr.App.1987); Jemison v. State, 439 So.2d 786 (Ala.Cr.App.1983). The judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.