WINDOM, Presiding Judge.
This is an appeal by the State of Alabama from an order of the circuit court granting postconviction relief to Harold Vincent Stallings pursuant to Rule 32, Ala. R. Crim. P. Stallings's Rule 32 petition attacked his December 1999 sentence of life in prison without the possibility of parole, which was enhanced with eight prior felony convictions from the State of Georgia. On August 18, 2000, this Court affirmed, by unpublished memorandum, Stallings's conviction for first-degree robbery and his resulting sentence. Stallings v. State (No. CR-99-0219).[1] The certificate of judgment was issued on February 9, 2001.
On June 16, 2017, Stallings filed this, his second, Rule 32 petition in which he asserted that the trial court lacked jurisdiction to render a judgment or to impose a sentence because the Alabama Constitution of 1901 was enacted with discriminatory intent, thereby rendering the Alabama Criminal Code void. On July 31, 2017, the State filed a motion to dismiss, arguing that the claim was precluded pursuant to Rules 32.2(a)(3) and 32.2(a)(5), Ala. R. Crim. P., was insufficiently pleaded, and *319 was without merit. The circuit court appointed counsel for Stallings, and, on October 23, 2017, Stallings filed a response to the State's motion. In that filing, Stallings claimed that his sentence of life in prison without the possibility of parole is illegal. Specifically, Stallings argued that the trial court was without jurisdiction to sentence him under the Habitual Felony Offender Act ("the HFOA"). Stallings contended that the State did not prove that his prior convictions in Georgia used to enhance his sentence were felony convictions or that the convictions had been commenced by an indictment signed by a grand-jury foreman as required by Rule 12.8, Ala. R. Crim. P. The circuit court set the matter for a hearing.
Following a hearing, the circuit court granted Stallings's Rule 32 petition. In its order granting the petition, the circuit court stated:
"A. Mr. Harold Stallings was convicted of Robbery 1st Degree by a jury of his peers and sentenced to a term of imprisonment for life without the possibility of parole.
"B. At sentencing the State produced three certified copies of previous convictions. State's Exhibit A was a conviction from Muscogee County, Georgia for shoplifting whereby the certified copy of said exhibit indicated that the value of the property was $159.00. Said exhibit failed to provide or produce any evidence of the grand jury's finding that said conviction was a true bill and signed by the foreman of the grand jury.
"C. State's Exhibit B was a conviction from Muscogee County, Georgia for Possession of a Controlled Substance. The certified copy included information that the controlled substance was cocaine, a Schedule II controlled substance. Said exhibit contained a listing of the grand jurors who returned said indictment.
"D. State's Exhibit C was a conviction from Muscogee County, Georgia for a 6 count indictment for Forgery First Degree. Said exhibit failed to contain any listing of the grand jurors who returned said indictment or the signature of the foreman of the grand jury who returned said indictment.
"....
" Rule 12.8(a), Ala.[R].Crim.P. states that an indictment shall not be returned without the concurrence of at least twelve (12) grand jurors and Rule 12.8(b) further requires that when an indictment is found, it must be endorsed 'A True Bill,' and the indictment must be signed by the foreman. The indictment shall be returned and filed in open court by the foreman in the presence of at least eleven (11) other members of the grand jury.
"BASED upon the foregoing, it is hereby;
"ORDERED, ADJUDGED AND DECREED:
"1. The trial Court was without jurisdiction to impose a life sentence without the possibility of parole in this case. The Court finds that the Petitioner's conviction for shoplifting, pursuant to State's Exhibit A, would not be a felony if convicted in Alabama. Alabama Code [1975, §] 13A-8-5 [,] requires that the theft of the property involved does not exceed $500 and said offense is a misdemeanor. Therefore, said offense cannot be used under [the HFOA].
"2. State's Exhibit B supports that the Petitioner was convicted of possession of a controlled substance and said offense would be a felony if committed in Alabama. Said exhibit also contains evidence by certification of the grand jurors of Muscogee County, Georgia and *320 the name of the foreman who returned said indictment. As such, said conviction can be used under [the HFOA].
"3. State's Exhibit C does not support that said conviction should be used under [the HFOA]. The Petitioner was convicted of forgery 1st degree in Georgia. Alabama Code Section 13A-9-2 states:
" 'A person commits the crime of forgery in the first degree if, with intent to defraud, he falsely makes, completes or alters a written instrument which is or purports to be, or which is calculated to become or to represent if completed:
" '(1) Part of an issue or series of stamps, securities or other valuable instruments issued by a government or governmental agency; or
" '(2) Part of an issue or series of stock, bonds or other instruments representing interests in or claims against a business enterprise or property.
" '(b) Forgery in the first degree is a Class B felony.'
"The information contained in the certified copy of said conviction from the State of Georgia does not contain information to support a conviction under Alabama law of all [6] counts. The accusation contained in said exhibit states that the Petitioner did then and there unlawfully with intent to defraud, knowingly possess a certain writing to wit: Authorization drawn on the account of Michael Stallings in the amounts of $150.00 up to $300.00 per count. Furthermore, said Exhibit is defective in that there is no information or any listing of the jurors who returned said indictment nor is the name of the foreman of the grand jury listed.
"4. Therefore, the Petitioner has one prior felony and under the [HFOA], the proper sentence of the Court would be imprisonment for life or for any term of not more than 99 years but not less than 15 years.
"5. Furthermore, upon review of the facts and evidence in this case, this Court finds that the sentence imposed by the trial court constitutes cruel and unusual punishment."
(C. 38-41.) The circuit court vacated Stallings's sentence and imposed a sentence of life in prison. The State filed a timely appeal.
On appeal, the State claims that the circuit court erroneously determined that the forgery convictions could not be used under the HFOA to enhance Stallings's sentence.[2] Stallings has conceded the error in his brief on appeal. (Stallings's brief, at 5.)
Stallings was afforded an opportunity to prove his claim at an evidentiary hearing.
"When the circuit court conducts an evidentiary hearing, '[t]he burden of proof in a Rule 32 proceeding rests solely with the petitioner, not the State.' Davis v. State, 9 So.3d 514, 519 (Ala. Crim. App. 2006), rev'd on other grounds, 9 So.3d 537 (Ala. 2007). '[I]n a Rule 32, Ala. R. Crim. P., proceeding, the burden of proof is upon the petitioner seeking post-conviction relief to establish his grounds for relief by a preponderance of the evidence.'
*321 Wilson v. State, 644 So.2d 1326, 1328 (Ala. Crim. App. 1994). Rule 32.3, Ala. R. Crim. P., specifically provides that '[t]he petitioner shall have the burden of ... proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.' '[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 proceeding is de novo.' Ex parte White, 792 So.2d 1097, 1098 (Ala. 2001). 'However, where there are disputed facts in a postconviction proceeding and the circuit court resolves those disputed facts, "[t]he standard of review on appeal ... is whether the trial judge abused his discretion when he denied the petition." ' Boyd v. State, 913 So.2d 1113, 1122 (Ala. Crim. App. 2003) (quoting Elliott v. State, 601 So.2d 1118, 1119 (Ala. Crim. App. 1992) )."
Marshall v. State, 182 So.3d 573, 581 (Ala. Crim. App. 2014). Here, there are no disputed facts. The State challenges only the circuit court's application of the law to the facts. Consequently, this Court will review the circuit court's ruling de novo, with no presumption of correctness.
The circuit court granted Stallings's petition on three grounds. The circuit court found that Stallings's prior forgery convictions could not be used to enhance Stallings's sentence because Stallings's conduct did not constitute a felony in Alabama and because the charging instrument submitted by the State at his sentencing did not contain the signature of the grand-jury foreman or a list of the grand jurors. The circuit court also granted relief on the basis that Stallings's sentence constituted cruel and unusual punishment. This Court will address each ground in turn.
First, the circuit court found that the prior forgery convictions could not be used to enhance Stallings's sentence because Stallings's conduct did not constitute a felony in Alabama. If true, Stallings's enhanced sentence would be illegal. See Ginn v. State, 894 So.2d 793, 796 (Ala. Crim. App. 2004) (citing Carter v. State, 853 So.2d 1040 (Ala. Crim. App. 2002) ).
"It is well settled that '[i]n determining whether an out-of-state conviction will be used to enhance punishment pursuant to the HFOA, the conduct upon which the foreign conviction is based must be considered and not the foreign jurisdiction's treatment of that conduct.' Daniels v. State, 621 So.2d 335, 342 (Ala. Crim. App. 1992).... [P]ursuant to Rule 26.6(b)(3)(iv), Ala. R. Crim. P., the proper inquiry is whether the conduct upon which the foreign conviction was based would have been a felony in Alabama had it been committed on or after January 1, 1980. Rule 26.6(b)(3)(iv) specifically provides:
" 'Any conviction in any jurisdiction, including Alabama, shall be considered and determined to be a felony conviction if the conduct made the basis of that conviction constitutes a felony under Act 607, § 130(4), Acts of Alabama 1977, p. 812 (§ 13A-1-2(4), Alabama Criminal Code), or would have constituted a felony under that section had the conduct taken place in Alabama on or after January 1, 1980; and further, a conviction of a crime against the United States shall be considered to be a felony conviction if that crime is punishable by imprisonment in excess of one (1) year under federal law, and was so punishable at the time of its commission, even if the conduct made the basis of that conviction would not be punishable under Alabama law.'
"(Emphasis added.) As the Alabama Supreme Court noted in Thompson v. State, 525 So.2d 820 (Ala. 1985), when *322 discussing the predecessor to Rule 26.6(b)(3)(iv) :
" 'By adopting Temporary Rule 6, [the predecessor to Rule 26.6(b)(3)(iv), Ala. R. Crim. P.,] this Court placed emphasis on the "conduct" made the basis of the prior conviction, rather than where it occurred, or when it occurred. This Court, therefore, made the triggering mechanism not whether another jurisdiction might have punished the prior offense by imprisonment for more than one year, but whether Alabama considered the prior "conduct" so blameworthy as to merit more than one year's imprisonment. The wording of the rule, therefore, has the following effect: (1) A conviction for an "offense" committed in Alabama prior to January 1, 1980, or after January 1, 1980, for that matter, punishable by a sentence of more than one year, is a "felony conviction"; thus, the fact that a defendant was convicted in Alabama and received a sentence of more than a year would necessarily mean that the prior conviction is a "prior felony"; (2) A conviction in any other jurisdiction, at any time, for a criminal act punishable in the other jurisdiction by a sentence exceeding one year, however, is not a "felony conviction" unless the act "would have been" punishable under our own criminal laws on or after January 1, 1980, by a sentence exceeding one year.'
" 525 So.2d at 826 (some emphasis in original; some emphasis added)."
Ginn, 894 So.2d at 800 (footnote omitted).
In 1997 in Georgia, Stallings pleaded guilty to six counts of first-degree forgery for presenting checks belonging to another individual -- Michael L. Stallings -- in amounts varying from $150 to $300. Stallings was charged by way of accusation, which alleged that Stallings had, "with intent to defraud, knowingly possess[ed] a certain writing ... drawn on the account of Michael L. Stallings ... in such a manner that the writing as made purport[ed] to have been made by another ... and did deliver said writing to Columbus Bank and Trust." (C. 64.) At the time of Stallings's conduct in Georgia, § 13A-9-3, Ala. Code 1975, stated:
"(a) A person commits the crime of forgery in the second degree if, with intent to defraud, he falsely makes, completes or alters a written instrument which is or purports to be, or which is calculated to become or to represent if completed:
"(1) A deed, will, codicil, contract, assignment or a check, draft, note or other commercial instrument which does or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status."
Stallings's conduct -- falsely completing a check with the intent to defraud -- clearly constituted the offense of second-degree forgery in Alabama. Second-degree forgery is designated as a Class C felony. See § 13A-9-3(b), Ala. Code 1975.
Stallings's claim as to his forgery convictions was without merit. Therefore, the circuit court erred as a matter of law in finding that Stallings's forgery convictions could not be used to enhance Stallings's sentence because his conduct did not constitute a felony in Alabama.
Second, the circuit court found that Stallings's prior forgery convictions could not be used to enhance Stallings's sentence because the charging instrument submitted by the State at his sentencing did not contain the signature of the grand-jury foreman or a list of the grand jurors. This finding attacks the sufficiency of the *323 State's evidence to prove Stallings's prior convictions. This issue, however, does not implicate the jurisdiction of the trial court to impose sentence. See Ex parte Batey, 958 So.2d 339, 341 (Ala. 2006) ("The State is correct that the failure to prove a prior conviction is not a jurisdictional matter; therefore, consideration of that issue in a Rule 32 petition is precluded."). At the evidentiary hearing, the State aptly asserted that if there was an issue with the certified copies of Stallings's prior convictions, Stallings should have challenged the State's evidence at the sentencing hearing. (R. 11-12.) In other words, Stallings's claim "could have been but was not raised at trial." Rule 32.2(a)(3), Ala. R. Crim. P. Stallings offered no evidence to rebut the State's assertion of the procedural bar. See Rule 32.3, Ala. R. Crim. P. ("[O]nce a ground of preclusion has been pleaded [by the State], the petitioner ... [has] the burden of disproving its existence by a preponderance of the evidence.").
Moreover, even if Stallings's claim were not procedurally barred, it was without merit. A prior, out-of-state conviction may be proven by the State either by satisfying the requirements of § 12-21-70, Ala. Code 1975, or Rule 44(a)(1), Ala. R. Civ. P. See Ervin v. State, 630 So.2d 115, 119 (Ala. Crim. App. 1992). Rule 44(a)(1) provides:
"An official record kept within the United States, or any state ... thereof, ... when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by a person purporting to be the officer having the legal custody of the record, or his deputy. If the official record is kept without the state, the copy shall be accompanied by a certificate under oath of such person that he is the legal custodian of such record and that the laws of the state require the record to be kept."
Even though the State had no burden of proof at Stallings's evidentiary hearing, it presented the circuit court with exhibits of the evidence presented at Stallings's sentencing hearing. (C. 63-65.) The evidence offered to prove Stallings's six convictions for first-degree forgery complied with Rule 44(a)(1). Significantly, the Russell Circuit Court, in dismissing Stallings's first Rule 32 petition, specifically found the State's proof of Stallings's prior convictions to have been properly certified:
"[Stallings] also claims that only photo copies of his prior convictions [were] used to enhance his sentence. This claim by the Petitioner is false. In the Court file of the Circuit Court of Russell County are original certified copies of his prior convictions .... All of these are signed by M. Linda Pierce, Clerk of the Superior Court of Muscogee County, Georgia, and are imprinted with the Seal of the Superior Court."
(C. 66.)
Here, the circuit court found that the State had failed to offer charging instruments underlying his forgery convictions that contained the signature of the grand-jury foreman or a list of grand jurors. Such a standard exceeds the burden imposed on the State for proving a prior felony conviction. See Ginn, 894 So.2d at 798 (" 'Certified case action summaries and other certified records from the clerk of the court are sufficient to prove prior convictions.' " (quoting Daughtry v. State, 587 So.2d 1286, 1286 (Ala. Crim. App. 1991) ) ).
Further, this Court's records indicate that Stallings pleaded guilty to six counts of first-degree forgery by way of accusation and that he waived indictment by a grand jury. See Ga. Code Ann. § 17-7-70. The State could not be expected to present evidence of an indictment signed by a grand-jury foreman or a list of grand jurors *324 when Stallings waived indictment by a grand jury.
Stallings's claim was procedurally barred and without merit. Therefore, the circuit court erred as a matter of law in finding that Stallings's forgery convictions could not be used to enhance Stallings's sentence because the charging instrument submitted by the State at his sentencing did not contain the signature of the grand jury foreman or a list of the grand jurors.
Third, the circuit court found that Stallings's sentence of life in prison without the possibility of parole constituted cruel and unusual punishment. This claim was raised neither in Stallings's petition nor at the hearing. It stands to reason that because Stallings never raised the claim he offered no evidence to prove such a claim. See Rule 32.3, Ala. R. Crim. P. Additionally, a claim that application of the HFOA renders a sentence cruel and unusual punishment has been repeatedly addressed and rejected by this Court. See Turner v. State, 610 So.2d 1198, 1201 (Ala. Crim. App. 1992) ; Hannah v. State, 627 So.2d 1094 (Ala. Crim. App. 1993). Thornton v. State, 570 So. 2d 762, 774 (Ala. Crim. App. 1990) ; Flenory v. State, 588 So.2d 940 (Ala. Crim. App. 1991) ; Powell v. State, 624 So.2d 220 (Ala. Crim. App. 1993) ; Frazier v. State, 663 So.2d 1035 (Ala. Crim. App.1995) ; Malone v. State, 659 So.2d 1006 (Ala. Crim. App. 1995). Therefore, the circuit court erred as a matter of law in finding that Stallings's sentence constituted cruel and unusual punishment.
The circuit court correctly found that Stallings's Georgia conviction for shoplifting had been erroneously used to enhance his sentence. Further, the circuit court correctly found that Stallings's conviction for possession of a controlled substance had been properly used to enhance his sentence. However, the circuit court erred in finding that Stallings's six convictions for first-degree forgery had been erroneously used to enhance his sentence.
At the time of his conviction for first-degree robbery in Alabama, Stallings had seven prior felony convictions that could be used to enhance his sentence; the State offered sufficient proof of those convictions. First-degree robbery is designated as a Class A felony. See § 13A-8-41(c), Ala. Code 1975. At the time Stallings committed first-degree robbery, the HFOA stated, in relevant part: "In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed ... a Class A felony, he must be punished by imprisonment for life without parole." § 13A-5-9(c)(3), Ala. Code 1975. Stallings's sentence of life in prison without the possibility of parole was not illegal, and it was error for the circuit court to grant him relief.[3]
Accordingly, the judgment of the circuit court is reversed and this case is remanded to the circuit court to set aside its order granting Stallings's Rule 32 petition and to issue an order in accordance with this opinion.
REVERSED AND REMANDED.
Welch, Kellum, Burke, and Joiner, JJ., concur.

This Court may take judicial notice of its own records, see Hull v. State, 607 So.2d 369, 371 n.1 (Ala. Crim. App. 1992), and we do so in this case.

The State concedes that Stallings's conviction for shoplifting was improperly used for purposes of enhancement, and this Court agrees. Under § 13A-8-5, Ala. Code 1975, at the time of the offense, if the value of the stolen property did not exceed $250, the theft constituted a misdemeanor. Therefore, based on the value of the amount of property supporting the shoplifting charge in Georgia, that charge would not constitute a felony in Alabama at the time of the offense.

Although the circuit court correctly found that it was error for the trial court to consider Stallings's conviction for shoplifting, this was error without injury. See Murphy v. State, 536 So.2d 96, 97-98 (Ala. Crim. App. 1986). The State properly proved the existence of seven prior felony convictions. Thus, a sentence of life in prison without the possibility of parole was the only legal sentence Stallings could have received.